**Stephen Bradley BYRD, Appellant,**

v.

**CENTRAL FREIGHT LINES, INC., Appellee.**

No. 07–96–0311–CV.

Court of Appeals of Texas, Amarillo.

June 30, 1998.

---

David Lanehart, Lubbock, for appellant.

Jones Flygare Galey Brown & Wharton, James L. Wharton, G. Douglas Welch, Lubbock, Cowles & Thompson, P.C., Julia F. Pendrey, Dallas, for appellee.

Before BOYD, C.J., and DODSON and REAVIS JJ.

DODSON, Justice.

Stephen Bradley Byrd (Byrd), appellant, challenges a take nothing judgment rendered for him in his personal injury suit against his employer Central Freight Lines, Inc. (Central). Central did not have workers' compensation insurance at the time of the incident. By two points of error, Byrd complains that the jury's findings on damages were factually insufficient and that the trial court erred in submitting questions on Byrd's comparative liability. We affirm.

On November 5, 1992, Stephen Bradley Byrd was allegedly struck by a forklift operated by a co-worker, Dwayne Williams. Both men were employed by Central Freight Lines. Williams was backing the forklift out of a tractor-trailer when he allegedly clipped Byrd's heel. At the time, Central was not a subscriber to workers' compensation insurance. However, Central placed Byrd in its own program for work injuries, paying for his medical expenses for three years. Central also paid Byrd six months of full pay, six months of pay at 85%, and two years of half pay. Byrd did not return to work and he ultimately filed suit against Central for negligence. He alleged injuries to his knee and ankle, physical and mental pain, suffering and anguish, physical impairment, loss of future earning capacity, and medical expenses.

Trial was held on May 21, 1996. The trial court submitted a jury charge which asked the jury whether Central was negligent,

whether Byrd was negligent, and then to apportion the parties' respective fault. The jury allocated 50% negligence to Byrd, and 50% to Central. They awarded $30,000.00 for future medical care, and $20,000.00 for loss of future earning capacity. Finally, the jury answered "0" in the charge blanks on damages for past and future physical impairment, physical pain and mental anguish, and disfigurement. On June 6, 1996, Byrd moved the trial court to accept the verdict. On June 12, 1996, the trial court rendered a take nothing judgment for Byrd, after offsetting credits of $104,698.85. The court denied Byrd's motion for new trial.

■ By his first point of error, Byrd complains that the jury's award on damages was factually insufficient. He contends that the failure of the jury to find an amount in damages for past and future physical impairment, physical pain and mental anguish, and disfigurement was contrary to the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. We conclude that Byrd waived this point of error in moving to accept the jury's verdict.

■ In urging that Byrd waived error on this matter, Central points out that Byrd did not move to disregard the jury's verdict, nor raise a legal sufficiency point of error. Additionally, the Texas Supreme Court has recognized the proposition that a party cannot take inconsistent positions at trial and on appeal. By moving the trial court to render judgment on the verdict, a party is prohibited from taking a position inconsistent with the verdict on appeal. *Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex.1984). However, if a party moves to accept judgment but reserves the right to complain, the Supreme Court has held that error is preserved. *First National Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989) (motion for judgment contained statement that plaintiff agreed only as to the form of the judgment but disagreed with the content and result).

Byrd's motion for judgment on the verdict requested the trial court render judgment "in

accordance with the jury verdict" and that "Plaintiff have judgment against Defendant ... for damages of $50,000.00 plus interest as provided by law." The proposed judgment attached to his motion reflected this request. In fact, the only difference between Byrd's proposed judgment and the one rendered by the court is that Byrd's did not reflect the undisputed credits and offsets. Now, Byrd is challenging the jury's damage findings contrary to the position he took when he asked the trial court to enter judgment on those findings. There was no reservation of any complaint in Byrd's motion. Byrd did not move to accept only the form of the judgment or only that part that he found acceptable in accordance with *Fojtik*. His motion simply asks the court to render judgment in accordance with the jury verdict for the amount of damages the jury found. In light of *Litton* and *Fojtik*, we conclude that Byrd has waived error on his challenge to the factual sufficiency of the verdict. Consequently, we overrule Byrd's first point of error.

■ Byrd's second point of error is that the trial court erred in submitting to the jury questions as to Byrd's negligence and the parties' comparative negligence. Since this suit was against an employer who was not a worker's compensation subscriber, Byrd contends that comparative negligence concepts are barred by the Workers' Compensation Act.[1] We do not agree.

To support his position, Byrd relies on *Holiday Hills Ret. & Nursing Center, Inc. v. Yeldell*, 686 S.W.2d 770, 775 (Tex.App.—Fort Worth, 1985) rev'd. on other grounds, 701 S.W.2d 243 (Tex.1985). In *Yeldell*, the court stated:

> We hold that in employees' suits against a non-subscribing employer to the Compensation law, comparative negligence is not applicable and should not be submitted to the jury.

However, *Yeldell* has never been followed for the proposition advanced, and our research reveals no other intermediate Texas court

---

1. The incident giving rise to this suit occurred November 5, 1992. Thus, the current version of the statute, Texas Labor Code Annotated section 406.033, does not apply here. The applicable version was at Texas Revised Civil Statutes article 8308–3.03.

case which has decided the proposition advanced.

Nevertheless, the Texas Supreme Court has recently commented on this matter. "Although the Legislature has softened the defense of contributory negligence by adopting comparative responsibility . . . and this Court has abolished the defense of assumption of the risk . . . an injured employee pursuing the common law remedy must still prove that the employer was negligent and that [the employee] was not more than 50 percent negligent." *Texas Workers' Compensation Com'n v. Garcia,* 893 S.W.2d 504, 521 (Tex. 1995). Byrd argues that this language was dicta, not addressing the issues decided in *Garcia.* In this regard, we point out that the statement was made as a part of the court's rationale for concluding that the Worker's Compensation Act did not violate the open court's provision of the Texas Constitution which was a controlling determination by the court. The statement was made when the court was comparing the remedies available to a worker under the challenged Act and those available to the worker outside the Act.

We will not ponder the dicta assertion. It is sufficient to say that the challenged proposition is a clear and carefully considered statement by the Supreme Court, asserting that comparative negligence is an element of a worker's non-subscriber action against the employer outside the Act. Even assuming arguendo that the challenged statement from Garcia is dicta, we are not disposed to ignore, disregard or refuse to follow it. Further, assuming arguendo, the statement is not a binding (*i.e.,* stare decisis) rule of law, it is entitled to respect as a serious, carefully considered and carefully made comment concerning an element of a worker's non-subscriber action at law against the employer outside of the Workers' Compensation Act. Consequently, we are persuaded to follow the statement from *Garcia.* Accordingly, we overrule Byrd's second point of error.

The trial court's judgment is affirmed.