**THE KROGER CO., Petitioner,**

v.

**Sonja KENG, Respondent.**

No. 98–1012.

Supreme Court of Texas.

Argued Jan. 12, 2000.

Decided May 11, 2000.

Rehearing Overruled Aug. 24, 2000.

Brock C. Akers, Byron K. Barclay, Evelyn T. Ailts, Houston, for Petitioner.

Kenneth A. Zimmerman, Houston, G. Wesley Urquhart, Manville, D. Craig Oliver, Houston, for Respondent.

Justice HANKINSON delivered the opinion of the Court.

The issue presented is whether a nonsubscriber to workers' compensation insurance is entitled to a jury question regarding its employee's alleged comparative responsibility for his or her injuries. Sonja Keng sued Kroger Company, a workers' compensation nonsubscriber, for work-related injuries. The trial court rendered judgment on the jury's verdict for Keng, and Kroger appealed. Kroger complained that the trial court erred in refusing to submit a comparative-responsibility question to the jury. The court of appeals affirmed, holding that the comparative-responsibility statute does not apply to Keng's claim, and that Kroger, as a nonsubscriber, is prohibited from using its employee's alleged negligence as a defense. 976 S.W.2d 882. Because Texas Labor Code § 406.033 precludes a finding of contributory negligence, which is a prerequisite to determining the parties' comparative responsibility, we hold that a nonsubscribing employer is not entitled to a jury question on its employee's alleged comparative responsibility. We therefore affirm the court of appeals' judgment.

Keng, a Kroger employee, suffered injuries while removing pie boxes from the shelves of a deli freezer at a Kroger store in Houston. As she started down the ladder she was using to remove the boxes from the freezer's top shelf, three boxes fell and hit her back, knocking her off the ladder and causing her to hit her chest on the cart below. Keng sued Kroger, a workers' compensation nonsubscriber, alleging that the store's negligence proximately caused her injuries. Kroger denied the allegations and responded that Keng's conduct either caused or contributed to the incident, entitling Kroger to pro-

tection under the comparative-responsibility statute.[1] *See* Act of June 2, 1987, 70th Leg., 1st C.S., ch. 2, § 2.04, 1987 Tex. Gen. Laws 40 ("In an action to recover damages for negligence ... a claimant may recover damages only if his percentage of responsibility is less than or equal to 50 percent") (amended 1995) (current version at TEX. CIV. PRAC. & REM.CODE § 33.001).

The parties tried the case to a jury. Kroger's proposed charge requested two jury questions: (1) whether the negligence, if any, of Keng, Kroger, or both proximately caused the occurrence; and (2) if the jury found that more than one party's negligence caused the occurrence, the percentage of negligence to attribute to each party. The trial court refused to submit Kroger's proposed charge, choosing instead to submit questions concerning only Kroger's alleged negligence. The jury found Kroger negligent and awarded Keng $30,000 in damages. The trial court rendered judgment on the verdict.

Kroger appealed, complaining that factually insufficient evidence supported the verdict and that the trial court erred in refusing to submit a comparative-responsibility question to the jury. The court of appeals affirmed. 976 S.W.2d 882. After holding that the verdict was not against the great weight and preponderance of the evidence, the court rejected Kroger's challenge to the trial court's charge. *Id.* at 893. The court reasoned that an employee's personal-injury action against a nonsubscribing employer is an "action to collect workers' compensation benefits," which is exempted from the statutory comparative-responsibility scheme. *Id.* at 891 (citing TEX. CIV. PRAC. & REM CODE § 33.002(c)(1) ("This chapter does not apply to: (1) an action to collect workers' compensation benefits under the workers' compensation laws of this state.")). Additionally, the court determined that for the comparative-responsibility statute to apply, an employer must prove that its employee's negligence proximately caused the employee's injuries, which Labor Code § 406.033 prohibits nonsubscribing employers from proving. 976 S.W.2d at 892. The court therefore concluded that a comparative-responsibility question would necessarily yield an immaterial finding because, as a matter of law, an employee cannot be found contributorily negligent. *Id.*

Kroger petitioned this Court for review. We granted Kroger's petition to resolve a conflict among the courts of appeals concerning the propriety of submitting a comparative-responsibility question to the jury. *Compare Brookshire Bros., Inc. v. Lewis,* 997 S.W.2d 908, 919 (Tex.App.–Beaumont 1999, pet. denied) (stating that in a nonsubscriber case, the employee's comparative negligence does not apply and should not be submitted to the jury), *Brookshire Bros., Inc. v. Wagnon,* 979 S.W.2d 343, 347 (Tex.App.–Tyler 1998, pet. denied) (same), *Torres v. Caterpillar, Inc.,* 928 S.W.2d 233, 237 n. 3 (Tex.App.–San Antonio 1996, writ denied) (same), *and Holiday Hills Retirement & Nursing Ctr., Inc. v. Yeldell,* 686 S.W.2d 770, 774–75 (Tex.App.–Fort Worth 1985) (same), *rev'd on other grounds,* 701 S.W.2d 243 (Tex. 1985), *with Byrd v. Central Freight Lines, Inc.,* 976 S.W.2d 257, 259–60 (Tex.App.–Amarillo 1998) (holding that comparative negligence is an element of an employee's action against his or her nonsubscribing employer), *pet. denied per curiam,* 992 S.W.2d 447 (Tex.1999).

Kroger acknowledges that section 406.033 precludes a nonsubscribing employer from asserting its employee's common-law contributory negligence as a defense, but argues that precluding contributory negligence means only that an employer cannot assert its employee's negligence as an absolute bar to recovery. Kroger contends that it is, howev-

---

1. The parties' arguments apply to both the 1987 comparative-responsibility statute and    the 1995 amendment.

er, entitled to assert the statutory defense of comparative responsibility. While Kroger recognizes that an action to collect workers' compensation benefits is expressly exempted from the comparative-responsibility statute's purview, it contends that an action against a non-subscriber is necessarily not a suit to collect benefits. Kroger further maintains that this Court's decision in *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504 (Tex.1995), supports its position.

Keng disagrees. She contends that comparative responsibility is the legislative successor to, and a natural subset of, contributory negligence, which section 406.033 precludes nonsubscribers from relying on as a defense. Keng argues that to allow nonsubscribers to submit a jury question on comparative responsibility would effectively nullify section 406.033. Moreover, Keng urges that allowing a comparative-responsibility question would remove the very penalty—the abrogation of certain common-law defenses—that the Legislature intended would encourage employers to subscribe to workers' compensation insurance.

■ Whether Labor Code § 406.033 precludes an employer from asserting the defense of comparative responsibility is a matter of statutory construction. When construing a statute, we must give effect to the Legislature's intent. *See* TEX. GOV'T CODE §§ 311.021, 311.023, 312.005. We ascertain the Legislature's intent in the plain and common meaning of the words used. *See id.* § 311.011; *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). We may also consider, among other things, the circumstances under which a statute was enacted, former statutory provisions, including laws on the same or similar subjects, and the consequences of a particular construction. *See* TEX. GOV'T CODE § 311.023. Because we should liberally construe the Workers' Compensation Act in favor of the injured worker, a strained or narrow construction of section 406.033 would be im-

proper. *See Miears v. Industrial Accident Bd.,* 149 Tex. 270, 232 S.W.2d 671, 675 (1950); *Pacific Indem. Co. v. Woodall,* 253 S.W.2d 490, 492 (Tex.Civ.App.–Fort Worth 1952, writ ref'd). Moreover, it would be injudicious to construe the statute in a manner that supplies by implication restrictions on an employee's rights that are not found in section 406.033's plain language. *See Miears,* 232 S.W.2d at 675.

Labor Code § 406.033, which is part of the Workers' Compensation Act, governs an employee's personal-injury action against his or her employer,when the employer is a nonsubscriber under the Act. To encourage employers to obtain workers' compensation insurance, section 406.033 penalizes nonsubscribers by precluding them from asserting certain common-law defenses in their employees' personal-injury actions:

(a) In an action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that:

(1) the employee was guilty of contributory negligence;

(2) the employee assumed the risk of injury or death; or

(3) the injury or death was caused by the negligence of a fellow employee.

TEX. LAB.CODE § 406.033(a).

To put the Legislature's intent in enacting section 406.033 in context, we briefly review the history of the Workers' Compensation Act. The Texas Legislature enacted the Act in 1913 in response to the needs of workers, who, despite escalating industrial accidents, were increasingly being denied recovery. *See Garcia,* 893 S.W.2d at 510–12. The Act allowed injured workers, whose employers subscribed to workers' compensation insurance, to recover without establishing the employer's fault and without regard to the employee's negligence. *See Reed Tool Co.*

*v. Copelin,* 689 S.W.2d 404, 407 (Tex.1985). In exchange, the employees received a lower, but more certain, recovery than would have been possible under the common law. *See id.* Employers were, however, allowed to opt out of the system, resulting in their employees retaining their common-law rights. *See Garcia,* 893 S.W.2d at 511.

To discourage employers from making that choice, the Legislature included within the Act a penalty provision, similar to section 406.033, that precluded nonsubscribing employers from relying on the traditional common-law defenses—contributory negligence, assumption of the risk, and fellow servant—in defending against their employees' personal-injury actions. *See id.* The penalty statute provided, in part, that it was not a defense that "the employee was guilty of contributory negligence; but in such event the damages shall be diminished in the proportion to the amount of negligence attributed to such employee. . . ." Act of April 16, 1913, 33 rd Leg., R.S., ch. 179, § 1, 1913 Tex. Gen. Laws 429 (repealed 1989) (current version at TEX. LAB.CODE § 406.033). At that time, a contributory-negligence finding completely barred a plaintiff from recovering, even if he or she was only slightly negligent. *See Gavrel v. Young,* 407 S.W.2d 518, 520 (Tex.Civ.App.–Houston 1966, writ ref'd n.r.e.); *Hudson v. West Cent. Drilling Co.,* 195 S.W.2d 387, 390 (Tex.Civ.App.–Eastland 1946, writ ref'd n.r.e.). Hence, under the original penalty statute, although an employee's negligence could not bar him or her from recovering, it would proportionately reduce the employee's recovery. When the Legislature revised the workers' compensation statute in 1917, it deleted the proportionate-reduction requirement, but retained, as it has ever since, the language providing that it is not a defense that "the employe [sic] was guilty of contributory negligence." Act of March 28, 1917, 35 th Leg., R.S., ch. 103, § 1, 1917 Tex. Gen. Laws 269 (repealed 1989) (current version at TEX. LAB. CODE § 406.033).

Section 406.033, the current version of the penalty statute, discourages employers from opting out of workers' compensation insurance by prohibiting a nonsubscriber from asserting that its employee was contributorily negligent, assumed the risk, or that a fellow employee's negligence caused the employee's injuries. TEX. LABOR CODE § 406.033(a). Section 406.033 further identifies the defenses that implicate the employee's conduct and on which a nonsubscribing employer may rely: the employee intended to bring about the injury, or the injury occurred while the employee was intoxicated. *Id.* § 406.033(c). Comparative responsibility is not identified as an available defense.

In arguing that the comparative-responsibility statute should nonetheless apply, Kroger emphasizes that comparative responsibility is a statutory defense, while section 406.033 expressly precludes only certain common-law defenses. It is true that comparative responsibility is a statutory defense. The Legislature enacted the statutory framework for comparative negligence in 1973 to abolish the harsh effect of a contributory-negligence finding. *See Farley v. M M Cattle Co.,* 529 S.W.2d 751, 758 (Tex.1975). Under the statutory comparative-negligence scheme, a contributory-negligence finding against the plaintiff no longer automatically bars recovery, but rather reduces the plaintiff's recovery in proportion to his or her negligence. *See* Act of April 9, 1973, 63rd Leg., R.S., ch. 28, § 1, 1973 Tex. Gen. Laws 41 (repealed 1985) (current version at TEX. CIV. PRAC. & REM.CODE § 33.012). Kroger argues that by enacting this statutory scheme, the Legislature contemporaneously revived, without explanation, a nonsubscribing employer's ability to rely on its employee's comparative responsibility as a defense. We disagree.

In enacting section 406.033 and its predecessors, the Legislature intended to delineate explicitly the structure of an employee's personal-injury action against his

or her nonsubscribing employer. Section 406.033(a) prescribes the defenses that are unavailable to a nonsubscriber; section 406.033(c) dictates the defenses that implicate the employee's conduct and on which an employer may rely; and section 406.033(d) provides the employee's burden of proof, stating that "the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment." TEX. LAB.CODE § 406.033. The Legislature has not changed this structure since 1917, when it deleted proportionate reduction, the equivalent of comparative responsibility, from the penalty statute.

Although the Legislature has had many opportunities since it enacted the comparative-negligence scheme in 1973 to amend section 406.033 to allow for a comparative-responsibility determination, including 1989 when it completely revised the Workers' Compensation Act, it has not done so. Absent express legislative action, we cannot conclude that when the Legislature enacted the statutory comparative-negligence scheme, it intended to lessen the penalty imposed on employers who choose not to subscribe to workers' compensation insurance. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 662 (Tex.1996) (courts must reject interpretations that defeat a statute's purpose if another reasonable interpretation exists). Nor can we conclude that the Legislature intended to set aside over fifty years of precedent and repeal by implication its bar on contributory negligence as a defense. *See Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138, 139 (1962) (repeal by implication is not favored).

We also disagree with Kroger's contention that section 406.033's language precluding contributory negligence means only that an employer cannot assert its employee's negligence as an absolute bar to recovery. *See generally* Robertson, *The Texas Employer's Liability in Tort for Injuries to an Employee Occurring in the Course of the Employment,* 24 ST. MARY'S L.J. 1195, 1199–1201 (1993) ("The unavailability of the contributory negligence defense means that an employer whose fault, however slight, was a proximate cause of the injuries will owe full damages, notwithstanding any perception that the injured employee was also at fault in a way that was a proximate cause of the injuries."). Barring the plaintiff from recovering was, until 1973, the effect of a contributory-negligence finding; but the plain meaning of contributory negligence is not limited, and has never been limited, to the absolute-bar rule. To construe section 406.033 as Kroger contends would be to supply by implication restrictions on an employee's rights that are not found in section 406.033's plain language. *See Miears,* 232 S.W.2d at 675.

■ Contributory negligence contemplates an injured person's failure to use ordinary care in regard to his or her own safety. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 520 (Tex.1978); *Walgreen–Texas Co. v. Shivers,* 137 Tex. 493, 154 S.W.2d 625, 630 (1941); *Texas & N.O.R. Co. v. Blake,* 175 S.W.2d 683, 685 (Tex.Civ.App.–Fort Worth 1943, writ ref'd). This affirmative defense requires proof that the plaintiff was negligent and that the plaintiff's negligence proximately caused his or her injuries. *See Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 223 (Tex.1988); *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985, 989 (1949). Because comparative responsibility involves measuring the parties' comparative fault in causing the plaintiff's injuries, it necessitates a preliminary finding that the plaintiff was in fact contributorily negligent. *See Southern Pac. Transp. Co. v. Allen,* 525 S.W.2d 300, 305 (Tex.Civ.App.–Houston [14 Dist.] 1975, no writ).

Kroger's proposed jury charge contemplated a contributory-negligence finding. Kroger's second question requested that the jury assess the parties' comparative responsibility. But, according to Kroger's

instruction, the jury was to make that assessment only if it first found that both Kroger and Keng were negligent. Hence by Kroger's own acknowledgment, a finding of contributory negligence is a prerequisite to a finding of comparative responsibility. Yet, section 406.033 prohibits this finding. It follows that by expressly precluding employers from relying on common-law contributory negligence, section 406.033 effectively prohibits an employer from relying on the statutory comparative-responsibility defense.

Finally, in resolving whether the comparative-responsibility statute applies in an nonsubscriber case, we need not determine, as Kroger urges, whether a suit under section 406.033 is "an action to collect workers' compensation benefits under the workers' compensation laws of this state." TEX. CIV. PRAC. & REM.CODE § 33.002(c)(1). Suits that fall under this language are expressly exempted from the comparative-responsibility statute's purview. *See id.* Kroger argues that because a claim against a nonsubscriber is not an action to collect workers' compensation benefits, the statute applies automatically. But for the statute to apply at all, the defendant must obtain a finding of the plaintiff's contributory negligence. Because section 406.033 precludes a contributory-negligence finding, the provisions of the comparative-responsibility statute that could implicate an employee's conduct necessarily cannot apply in a nonsubscriber case.

Our opinion in *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504 (Tex.1995), does not dictate a different conclusion. In *Garcia,* we considered an open-courts challenge to the Texas Workers' Compensation Act. *Id.* at 520. The petitioner alleged that the Act was an inadequate substitute for a claimant's common-law remedy. *See id.* In considering this allegation, we compared the current statute to the available common-law remedies, not to the previous statute. *See id.* at 521. We recognized that under the common law, an injured employee cannot recover if he or she is more than fifty-percent negligent. *See id.* Kroger argues that by doing so, we sanctioned a comparative-responsibility submission in a nonsubscriber case. But in our open-courts analysis in *Garcia,* we intended to pose a hypothetical scenario in which we assumed that no part of either the current or the previous Workers' Compensation Act, including section 406.033, was in effect. For the purpose of analyzing the constitutional challenge, we should have more clearly explained what such lawsuits would look like if employees had only a common-law remedy. Unfortunately, we used the present tense in explaining this hypothetical, which might have led some readers to believe that we were offering an interpretation of the Texas Workers' Compensation Act. As this was not in fact the case, Kroger's reliance on our language in *Garcia* is misplaced.

It is evident from the Workers' Compensation Act's scheme and section 406.033's evolution that by precluding contributory negligence as a defense the Legislature intended that an employee's fault would neither defeat nor diminish his or her recovery. *See Wagnon,* 979 S.W.2d at 347 ("The Worker's Compensation Act clearly seeks to exclude from jury consideration any issue submitting an employee's fault, negligence, or responsibility, other than sole proximate cause."). That is the penalty employers pay for opting not to subscribe to workers' compensation insurance. If the Legislature chooses to amend section 406.033 to allow comparative responsibility as a defense, that is within its power. But we cannot conclude that in 1973, when the Legislature enacted the statutory comparative-negligence scheme, it intended to repeal by implication section 406.033's bar against nonsubscribing employers relying on an employee's negligence as a defense.

We therefore hold that a nonsubscribing employer is not entitled to a jury question on its employee's alleged comparative responsibility. We disapprove of the court

of appeals' opinion in *Byrd v. Central Freight Lines, Inc.*, 976 S.W.2d 257 (Tex. App.–Amarillo 1998), *pet. denied per curiam,* 992 S.W.2d 447 (Tex.1999), to the extent it holds otherwise. Because the trial court did not err in refusing to submit Kroger's requested comparative-responsibility jury question, we affirm the court of appeals' judgment.