NUMBER 13-00-172-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

JULIA VARGAS , Appellant,


v.


FEDERAL PARTS CORPORATION , Appellee.

___________________________________________________________________
On appeal from the 134th District Court

of Dallas County, Texas.

___________________________________________________________________
O P I N I O N

Before Justices Dorsey, Rodriguez, and Hill (1)

Opinion by Justice Hill



Julia Vargas appeals from a no-evidence summary judgment that she take nothing in her action against Federal Parts
Corporation, her non-subscribing employer, as a result of injuries she suffered while on the job. Her sole issue on appeal is
that the trial court erred in granting Federal Parts' motion for summary judgment. 

We affirm because the trial court did not commit reversible error by granting Federal Parts' motion for summary judgment
since there is no evidence that any negligence on its part was a proximate cause of any injury that might have been suffered
by Vargas. 

Vargas's claim was for negligence that proximately caused her to fall and suffer injury. Federal Parts sought summary
judgment, asserting that there was no evidence of an unreasonable risk of harm on its premises, no evidence that Federal
Parts did not exercise reasonable care to reduce or eliminate the risk, and no evidence of proximate cause. In her response
to Federal Parts' motion, Vargas asserted that her claim is a nonsubscriber claim, not a premises liability case, and that her
summary judgment evidence raises a fact question from which a jury could find that Federal Parts' negligence was a
proximate cause of her damages. 

Rule 166a(i) of the Texas Rules of Civil Procedure provides that:

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary
judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence.
The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of
material fact. 

When such a motion is presented, the movant does not bear the burden of establishing each element of its own claim or
defense. See Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 772 (Tex. App.--Texarkana 2000, pet. granted).
Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue
on the challenged elements. Id. Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we
apply the same standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Id. at
772-73. 

We must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the material
questions presented. Id. at 773. A no-evidence motion for summary judgment is improperly granted if the non-movant
presents more than a scintilla of probative evidence to raise a genuine issue of material fact. Id. More than a scintilla of
evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Id.

Vargas's job called on her to insert auto parts into a plastic bag and seal it by stapling a card to the bag. According to her
affidavit filed in response to Federal Parts' motion, Vargas indicated that on the occasion in question she needed cards to
attach to the plastic bags, that no one was available to provide her with those materials, that she was told that she needed to
get some of the cards herself. She stated in her affidavit that she thought that she would be fired if she stopped working. 
The summary judgment evidence also reflected that the boxes in which the cards were stored were heavy, so heavy as to
pose a risk of back injury to workers if those boxes were lifted, a risk of which Federal Parts was aware. Vargas testified in
her affidavit that when she went to go get cards, the box containing cards was heavy and that she pulled the box on top of
her, thereby causing her injury. Maria Romero, a co-worker, testified in her deposition that when Vargas went to pick up
the cards she needed, "I don't know what happened, if she grabbed the papers or not, but the box-the accident happened -
the box came with her." There was no summary judgment evidence as to where the box was located in the room in which it
was stored or why it was necessary to move the box in order to get cards from it. In the absence of such evidence, we hold
that there is not a scintilla of evidence that an injury such as that suffered by Vargas was foreseeable.

In her statement of facts, Vargas states that her injury occurred when she attempted to pull down a box of tags. She refers
to her affidavit in support of her statement that she was pulling down the box. In her affidavit, Vargas stated, "I tried to
pull the box out from the shelf so that I could take out some of the tags. However, the box was too heavy for me to handle
and fell on me." We do not believe that the fact that the box fell on Vargas necessarily means that she was pulling the box
down. Even if she had been pulling the box down, as she states in her brief, she fails to explain why it was necessary to
pull the box down in order to get cards from the box, or how the box was placed in such a way that it would reasonably be
foreseeable that an employee would seek to move or lift it, or that it would fall. Although contributory negligence on her
part would not defeat or diminish her recovery, Vargas does have the burden to show that an injury such as she suffered
was reasonably foreseeable to Federal Parts. 

Vargas refers us to summary judgment evidence indicating that Federal Parts knew that the tag boxes were heavy and that it
knew that moving boxes of tags carried with it a real and serious risk of harm. While the testimony did so indicate, it
showed that the risk of which Federal Parts was aware was the risk of lifting the boxes so as to cause a back injury. There
is no indication in the summary judgment evidence that Vargas suffered a back injury due to lifting a heavy box. Again, in
the absence of evidence showing that the box was placed in such a way that it would reasonably be foreseeable that an
employee would seek to move or lift it, or that it would fall, we believe that there is less than a scintilla of evidence that
Vargas's injury was foreseeable. 

Vargas relies upon the case of Kroger v. Keng, 23 S.W.3d 347 (Tex. 2000). In that case Keng, a Kroger employee, was
injured when boxes fell from a freezer's top shelf and hit her back, knocking her off a ladder. Id. at 347. Keng received a
judgment against Kroger based upon a jury's verdict. Id. The court held that the trial court did not err by denying Kroger a
charge on comparative responsibility. Id. at 353. The case did not discuss the sufficiency of the evidence to establish that
any negligence by Kroger was a proximate cause of Keng's injury. We do not find the Supreme Court's holding in Kroger
v. Keng to be inconsistent with this opinion. The underlying court of appeals decision did discuss the sufficiency of the
evidence. Kroger, 976 S.W.2d 882, 884 (Texarkana 1998), aff'd, 23 S.W.3d 347 (Tex. 2000). Referring to evidence that
the boxes that fell on Keng were stacked with the boxes hanging over the edge of the shelf, the court held that such
evidence constituted a showing of a foreseeable risk of harm. Id. at 888. As previously noted, there is no comparable
evidence in the case at bar concerning the placement of the box that fell on Vargas. We overrule the contention presented
by Vargas's sole issue on appeal.

The judgment is affirmed.

______________________________

JOHN HILL,

Senior Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 14th day of June, 2001.

1. Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998).