Opinion issued January 22, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01007-CV




SHELDON A. ETIE, Appellant

V.
WALSH & ALBERT COMPANY, LTD. AND
WALSH & ALBERT COMPANY, INC., Appellees




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 01-51720




O P I N I O N
          This is an appeal of a summary judgment rendered for appellee, Walsh &
Albert Company, Ltd.,


 against appellant, Sheldon A. Etie. As a matter of first
impression, we must decide whether, under the Texas Workers’ Compensation Act



(the Act): (1) the statutory employer/employee status given to general contractors
who exercise an option to provide workers’ compensation insurance in contracts with
subcontractors includes all employees of all subcontractors, regardless of the tier they
occupy; and (2) whether all of the covered workers at the site should be considered
“fellow servants” who enjoy full immunity from suit. Because we conclude that the
statutory employer/employee relationship extends throughout all tiers of
subcontractors and that all covered employees are fellow servants who are equally
entitled to workers’ compensation benefits and equally immune from suit, we affirm.
Facts
          In 1999, Clark Construction Group, Inc. entered into a contract with Enron
Corp. for the construction of Enron Building #2. In early 2000, Clark Construction 
subcontracted part of the work to Way Engineering Company, Inc. Clark
Construction exercised an option in its contract with Way Engineering to buy a single
workers’ compensation insurance policy from Travelers Property & Casualty Group
to cover all subcontractors and employees who worked at the Enron Building #2 site. 
Way Engineering, in turn, entered into a lower tier subcontract with Walsh & Albert,
Ltd. to perform the sheet metal work on the building. Walsh & Albert and its
employees were also covered by the workers’ compensation insurance.
          Etie was employed by Way Engineering. In April 2001, he was seriously
injured when a plenum improperly attached to the ceiling by a Walsh & Albert
employee fell and struck him. Etie sought and recovered workers’ compensation
benefits. He also filed a third-party negligence suit against Walsh & Albert
Company, Ltd. and Walsh & Albert, Inc. Both Walsh & Albert entities filed
traditional motions for summary judgment, which the trial court granted. Etie appeals
only the summary judgment rendered for Walsh & Albert Company, Ltd. 
Discussion
          In his sole point of error, Etie contends that Walsh & Albert misconstrues the
Act by creating an inference of deemed employee status to Walsh & Albert through
a “legal fiction.” Etie further contends that Walsh & Albert was not a “subcontractor”
under the terms of the Act but was, instead, an independent contractor not entitled to
immunity from suit.
          Walsh & Albert contends that the summary judgment was proper as a matter
of law based on the exclusive remedy provision in the Act because Etie collected
workers’ compensation benefits. The exclusive remedy section of the Act provides
Recovery of workers’ compensation benefits is the exclusive remedy of
an employee covered by workers’ compensation insurance coverage or
a legal beneficiary against the employer or an agent or employee of the
employer for the death of or a work-related injury sustained by the
employee.

Tex. Lab. Code Ann. § 408.001(a) (Vernon 1996). We must determine whether
Etie’s sole remedy was collection of workers’ compensation benefits.
          Standards of Review
          The standard for reviewing a summary judgment is whether the successful
movant at the trial level carried its burden of showing that there is no genuine issue
of material fact and that judgment should be rendered as a matter of law. Tex. R. Civ.
P. 166a(c); KPMG Peat Marwick v. Harrison County Housing Fin. Corp., 988
S.W.2d 746, 748 (Tex.1999). Here, the parties do not disagree about the underlying
facts. Rather, they disagree about how to interpret the Act and the nature of Walsh
& Albert’s legal status. Both of these issues are matters of law, not fact, that require
us to construe the Act.
          We review matters of statutory construction de novo. City of San Antonio v.
City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our objective
is to determine and give effect to the Legislature’s intent. Tex. Gov’t Code §
312.005 (Vernon 1998); City of San Antonio, 111 S.W.3d at 25. We look first to the
“plain and common meaning of the statute’s words.” City of San Antonio, 111
S.W.3d at 25. If a statute’s meaning is unambiguous, we generally interpret the
statute according to its plain meaning. Id. We determine legislative intent from the
entire act and not just its isolated portions. Id. Thus, we “read the statute as a whole
and interpret it to give effect to every part.” Id.
          Construction of the Statute
          The Act authorizes a contractor to provide workers’ compensation insurance
coverage for subcontractors and the subcontractor’s employees. Tex. Lab. Code
Ann. § 406.123(a) (Vernon Supp. 2004). An agreement to provide such coverage
makes the general contractor “the employer of the subcontractor and the
subcontractor’s employees,” for purposes of Texas workers’ compensation law. Tex.
Lab. Code Ann. § 406.123(e). The Act is silent as to lower tiers of subcontractors,
i.e., whether lower tier subcontractors are also the statutory employees of the general
contractor for purposes of workers’ compensation if the coverage includes the lower
tier subcontractors.
          Etie relies on the portion of the Act providing that a subcontractor and the
subcontractor’s employees are not employees of the general contractor for purposes
of the workers’ compensation law if the subcontractor operates as an independent
contractor. See Tex. Lab. Code Ann. § 401.012(b)(2) (an employee is “a person
other than an independent contractor or the employee of an independent contractor,
who is engaged in construction, remodeling, or repair work for the employer at the
premises of the employer.”). Based on this definition, Etie argues that, because
Walsh & Albert operated as an independent contractor, it was not an “employee” as
defined in the Act and is therefore not immune to suit. Walsh & Albert
acknowledged at oral argument that it was an independent contractor, which would
appear to settle the issue. However, it does not. We conclude that the provision of
workers’ compensation insurance transforms an independent contractor into a
“deemed employee.”
          The Act defines a general contractor as a person who “undertakes to procure
the performance of work or a service, either separately or through the use of
subcontractors.” Tex. Lab. Code Ann. § 406.121(1). A subcontractor is a person
who “contracts with a general contractor to perform all or part of the work or services
that the general contractor has undertaken to perform.” Tex. Lab. Code Ann. §
406.121(5). Way Engineering, by virtue of its contract with Clark Construction, was
thus a subcontractor; and, by virtue of its contract with Walsh & Albert, it was also
a general contractor.
          Clark Construction provided workers’ compensation coverage to all of the
employees who worked at the site as part of its contract with Way Engineering. Way
Engineering’s contract with Walsh & Albert incorporated by reference all of the
provisions of the contract between Clark Construction and Way Engineering.
Consequently, Walsh & Albert and its employees were also covered by the workers’
compensation insurance policy that Clark Construction purchased. Therefore, as a
general contractor who provided workers’ compensation coverage, Way Engineering
became Walsh & Albert’s “employer” for purposes of the workers’ compensation
statute. Walsh & Albert, and its employees, became Way Engineering’s “employees.” 
See Tex. Lab. Code Ann. § 406.123(e). 
          Although Etie denominates this deemed employee status a “legal fiction,” it is
the same legal fiction that permits Way Engineering and its employees to be deemed
employees of Clark Construction. The Act specifically recognizes this fiction by
creating the deemed employee status and restricting its meaning only to the purposes
of the Act. See Tex. Lab. Code Ann. § 406.123(e). 
          The subchapter providing that an agreement to provide worker’s compensation
coverage makes the general contractor “the employer of the subcontractor and the
subcontractor’s employees,” for purposes of Texas workers’ compensation law is
entitled, “SUBCHAPTER F. COVERAGE OF CERTAIN INDEPENDENT
CONTRACTORS.” See Tex. Lab. Code Ann. § 406.123. Clearly, the Act
contemplates that independent contractors may, in certain circumstances, be
considered “employees” despite not meeting the definition of an “employee” in
section 401.012(b)(2). Therefore, the “legal fiction” to which Etie refers when
workers’ compensation coverage is provided can encompass not only subcontractors
who would otherwise be considered independent contractors, but also lower tier
subcontractors who would otherwise be considered independent contractors. We see
no reason why this shift in status from “independent contractor” to “deemed
employee,” with its concomitant protections, should be denied to lower tier
subcontractors.
          The express intent of the workers’ compensation law is to ensure that injured
workers are able to obtain reimbursement of their medical expenses without having
to file suit or prove negligence. Lawrence v. CDB Servs., Inc., 44 S.W.3d 544, 554-55 (Tex. 2001). To discourage employers from choosing to opt out of coverage when
the Act was originally enacted in 1913, the Legislature included within it a penalty
provision that precluded nonsubscribing employers from relying on common-law
defenses to negligence in defending against their employees’ personal injury actions. 
Kroger Co. v. Keng, 23 S.W.3d 347, 350 (Tex. 2000). The Texas Supreme Court
recently noted that the purposes of the Act are carried out by recognizing that the
definitions of “employer” and “employee” and the exclusive remedy provision may
apply to more than one employer. Wingfoot Enterprs. v. Alvarado, 111 S.W.3d 134,
142 (Tex. 2003). The Wingfoot court also noted that if any of the employers declines
to provide coverage, then it should be subject to common law liability. Id. at 143. 
Here, all employers provided coverage; thus none should be subject to common law
liability. 
          We are persuaded that the purposes of the Act are best served by deeming
immune from suit all subcontractors and lower tier subcontractors who are
collectively covered by workers’ compensation insurance. We hold that the Act’s
deemed employer/employee relationship extends throughout all tiers of
subcontractors when the general contractor has purchased workers’ compensation
insurance that covers all of the workers on the site. All such participating
employers/subcontractors are thus immune from suit. We further hold that the
participating employees are fellow servants, equally entitled to workers’
compensation benefits and equally immune from suit. By so holding, we do not
abrogate the right of an injured worker to sue a subcontractor or its employees when
that subcontractor retains its status as an independent contractor by choosing not to
participate in workers' compensation coverage. Nor do we abrogate the right of an
injured worker to sue a third-party who is not a covered employee, e.g., a delivery
person whose negligence causes an injury to a covered employee. We simply extend
the statutory employer/employee relationship to lower tier subcontractors when they
are covered by workers’ compensation insurance.
Conclusion
          Because all tiers of subcontractors here provided and were covered by workers’
compensation coverage, Etie’s exclusive remedy was the workers’ compensation
benefits he received.
          We overrule the sole point of error.
          We affirm the summary judgment.
 

                                                             Evelyn V. Keyes
                                                             Justice
 

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.