# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00536-CV

**Idiris Sharif Hassan, Appellant**

**v.**

**Robert L. Rock, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-11-003118, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this personal injury case, appellant Idiris Sharif Hassan appeals from the trial court's judgment awarding him $212,136.64 in damages along with pre-judgment and post-judgment interest and court costs. In two issues on appeal, Hassan challenges the trial court's decision to reduce the damages award by Hassan's percentage of responsibility. We will affirm the trial court's judgment.

## BACKGROUND

Undisputed evidence at trial showed that appellee Robert L. Rock hired Hassan as a day laborer to help clear brush from a vacant lot belonging to Rock's friend, Linda Stone. Rock operated a Bobcat skid-steer loader to clear brush. While Rock sat at the controls inside the Bobcat, Hassan crouched underneath the Bobcat's bucket. The bucket fell onto Hassan, injuring him. Hassan sued Rock for negligence and gross negligence.

At the charge conference at trial, Hassan objected to the submission of proportionate-responsibility jury questions, arguing that proportionate responsibility did not apply to this case because Rock was Hassan's employer and did not subscribe to workers' compensation insurance. *See* Tex. Lab. Code § 406.033(a)(1). The trial court overruled Hassan's objections and submitted the questions to the jury. The jury answered that both Rock's and Hassan's negligence proximately caused Hassan's injury and attributed 57% responsibility to Rock and 43% to Hassan. Hassan then filed a motion to disregard the jury's answers to the proportionate-responsibility questions. The trial court denied Hassan's motion and rendered judgment reducing Hassan's damages award by 43%, and Hassan appealed.

## DISCUSSION

Notwithstanding a trial court's broad discretion in submitting jury questions, parties are entitled to have requested questions on controlling issues of fact submitted to the jury, so long as the issue is properly pleaded and supported by some evidence. Tex. R. Civ. P. 278; *City of The Colony v. North Tex. Mun. Water Dist.*, 272 S.W.3d 699, 746 (Tex. App.—Fort Worth 2008, pet. dism'd) (citing *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992)); *Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied). In this case, Hassan does not argue that the issue of proportionate responsibility was not properly pleaded by Rock or that the evidence is legally insufficient to support this defense. Instead, Hassan argues that the trial court abused its discretion in submitting any questions on this issue to the jury because the defense is statutorily barred as a matter of law by the Texas Workers' Compensation Act (the Act). Similarly, Hassan argues that the trial court erred in refusing to disregard the jury's findings regarding Hassan's

2

negligence and his percentage of responsibility. Specifically, Hassan contends that any claim by Rock of common-law contributory negligence or statutory comparative responsibility in this case is barred by section 406.033 of the Act, which provides the following:

> In an action against an employer by or on behalf of an employee who is not covered by workers' compensation insurance obtained in the manner authorized by Section 406.003 to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that . . . the employee was guilty of contributory negligence . . . .

Tex. Lab. Code § 406.033(a)(1); *see Kroger Co. v. Keng*, 23 S.W.3d 347, 352 (Tex. 2000) ("[B]y expressly precluding employers from relying on common-law contributory negligence, section 406.033 effectively prohibits an employer from relying on the statutory comparative-responsibility defense."); *see also* Tex. Civ. Prac. & Rem. Code §§ 33.001–.017 (proportionate-responsibility statute).

In response, Rock argues that the trial court did not abuse its discretion in overruling Hassan's objection to the jury questions on the issue of proportionate responsibility because Hassan never pleaded that he was seeking protection under the Act based on Rock's nonsubscriber status. In addition, Rock asserts that (1) Hassan failed to establish that he is entitled to the protections of section 406.033 because he is not an "employee" as defined in the Act, and (2) even if Hassan could establish that he is an "employee" as defined in the Act, Hassan is not entitled to the protections of section 406.033 because his employment was "incidental to a personal residence," and therefore is subject to exclusion under section 406.091(a)(1) of the Act.

In determining whether the trial court abused its discretion in overruling Hassan's objection to the submission of questions regarding his proportionate responsibility, we will assume,

3

without deciding, that Hassan was not required to plead that section 406.033 prevented Rock from asserting a proportionate-responsibility defense. Therefore, we first examine whether Hassan established his status as an "employee" under the Act as a matter of law.[1] The Act defines "employee" as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." Tex. Lab. Code § 401.012(a). However, the Act expressly excludes certain persons from the definition of "employee," including "a person whose employment is not in the usual course and scope of the employer's business." *Id.* § 401.012(c)(2).[2]

The evidence at trial indicates that Hassan was not employed "in the usual course and scope of [Rock's] business," and as a result, Hassan failed to conclusively establish that he was an "employee" under the Act. *See id*. Rock testified that he is a retired eye doctor, and no evidence suggests that he operated a brush-clearing business. *See* Black's Law Dictionary 239

---

[1] Hassan did not request the submission of any questions that, if answered affirmatively by the jury, would establish that Hassan's claims against Rock were entitled to the protections of section 406.033. As a result, the issue of whether the trial court abused its discretion in submitting Rock's defense of proportionate responsibility and, likewise, the issue of whether the trial court erred in subsequently refusing to disregard the jury's answers to those questions, turns on whether Hassan established as a matter of law that (1) Rock did not subscribe to worker's compensation insurance, (2) Hassan was his employee, and (3) Hassan seeks to recover for injuries sustained in the course and scope of employment. *See* Tex. Lab. Code § 406.033(a)(1); *see also* Tex. R. Civ. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived.").

[2] To the extent Hassan's arguments on appeal turn on the proper construction of the statutory definition of "employee," this is a question of law that we review de novo. *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 825 (Tex. 2012). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). We consider the statute as a whole, reading each word in context rather than isolation, and unless a different definition is supplied by the legislature, we assume the words chosen have their plain and ordinary meaning. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

(10th ed. 2014) (defining "business" as "a commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain"). Rock hired Hassan to help him clear a vacant lot for his friend Stone, and there is no evidence that Rock expected payment from Stone or anyone else for this personal favor. Moreover, there is no evidence in the record that Rock had ever received any income from clearing brush. The fact that Rock had spent many hours operating a Bobcat on his own property and hired many laborers to help him does not indicate that brush-clearing was anything more than a hobby.[3] *See Barlow v. Anderson*, 346 S.W.2d 632, 636 (Tex. Civ. App.—Amarillo 1961, writ ref'd n.r.e.) (concluding that plaintiff was not an "employee" under Workmen's Compensation Act because defendant's "operation in connection with the horses was never intended as a trade, business, occupation or profession, was not being operated with any intention of making a profit, and was simply a very expensive hobby operated for [defendant's] pleasure").

Hassan argues that the work he performed for Rock was "in or about the furtherance of [Rock's] affairs" and was therefore in the "course and scope" of Hassan's employment. *See*

---

[3] Although Rock admitted at trial that Hassan was "on the job" and was in the course and scope of his *employment* when he was injured, this testimony does not establish as a matter of law that Rock was engaged in a *business* and that Hassan was employed in the usual course and scope of that business when injured. *Compare* Tex. Lab. Code § 406.033(a)(1) (providing that employee's claims against nonsubscribers for injuries sustained "in the course and scope of the *employment*" are not subject to defense of proportionate liability) *with id*. § 401.012(c)(2) (providing that "employee" under the Act does not include employment "not in the usual course and scope of the employer's *business*") (emphases added).

We do not suggest that a person's habitual activities, performed with no expectation of payment, could never constitute a "business" under the Act; rather our conclusion is that, based on the circumstances presented and the record before us, Hassan did not establish his status as an "employee" in Rock's alleged brush-clearing "business" as a matter of law.

5

Tex. Lab. Code § 401.011(12). According to Hassan, "affairs" is a broad term encompassing the work Rock was performing as a favor to Stone. However, the term "affairs" occurs in the Act's definition of "course and scope of *employment*," *id.* (emphasis added), while section 401.012(c)(2) refers to "employment [that] is not in the usual course and scope of the employer's *business*." *Id.* § 401.012(c)(2) (emphasis added). Therefore, even if we accept Hassan's broad reading of "affairs," we still conclude that section 401.012(c)(2) excludes him from the definition of "employee" because the work he performed was not connected to any "business."[4]

We conclude that Hassan failed to establish as a matter of law that his claims against Rock were entitled to the protections of section 406.033 of the Act. Therefore, the trial court did not abuse its discretion in overruling Hassan's objection to the proportionate-responsibility questions. Similarly, the trial court did not err in denying Hassan's motion to disregard the jury's answers or in reducing Hassan's damages award relative to Hassan's percentage of responsibility as assigned by the jury. Accordingly, we overrule Hassan's issues on appeal.

**CONCLUSION**

We affirm the judgment of the trial court.

---

[4] Having concluded that Hassan failed to establish his status as an "employee" entitled to the protections of section 406.033 of the Act, we need not consider whether Hassan's employment is otherwise excluded from the Act's coverage under section 406.091(a)(1). *See* Tex. Lab. Code § 406.091(a)(1) (providing that "employees are not subject to [the Act]" if, among other things, they are "employed as a domestic worker or a casual worker engaged in employment incidental to a personal residence").

6

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: April 10, 2015