

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

March 19, 2018

The Honorable Faith Johnson
Dallas County Criminal District Attorney
133 North Riverfront Blvd., L.B. 19
Dallas, Texas 75207-4399

Opinion No. KP-0185

Re: Which body-worn-camera recordings an officer may review, pursuant to Occupations Code subsection 1701.655(b)(5), before making a statement about an officer-involved incident (RQ-0177-KP)

Dear Ms. Johnson:

Section 1701.655 of the Occupations Code requires specified law enforcement agencies to adopt a policy that addresses several issues about the use of body-worn cameras. TEX. OCC. CODE § 1701.655. You ask about the requirement in subsection 1701.655(b)(5) concerning peace officers' access to recordings of incidents involving the officers. *Id.* § 1701.655(b)(5).[1] You inform us that some law enforcement agencies have a policy allowing an officer involved in an incident to access the recording from the camera worn by the officer, but not recordings of the incident from cameras worn by other officers. Request Letter at 1. Other agencies, you tell us, interpret subsection (b)(5) to allow an officer giving a statement to access recordings of an incident whether made by the officer's own body-worn camera or by the cameras worn by other officers who were present at some point during the incident. *Id.* You state that an officer who accesses recordings from cameras worn by others may be exposed to images and sounds that the officer did not personally experience. *Id.* at 1–2. You contend that allowing an officer involved in an incident to access such recordings gives rise to the concern that the officers may embellish their statements based on recordings other than the recording from their own body-worn camera. *Id.* You ask whether subsection 1701.655(b)(5) "mandates than an officer be entitled to view every officer's body worn camera [recording] of an incident or just [the recording from] that individual officer's body worn camera." *Id.* at 1.

Section 1701.655 is located in chapter 1701, subchapter N, governing body-worn-camera programs for specified law enforcement agencies. TEX. OCC. CODE §§ 1701.651–.663. Subchapter N establishes standards for program grants, personnel training, peace officer

---

[1] *See* Letter from Honorable Faith Johnson, Dallas Cty. Criminal Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 8, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

interactions with the public, preservation of recordings, release of recordings to the public, and other matters. *Id.* The subchapter defines "Body worn camera" as

> a recording device that is: (A) capable of recording, or transmitting
> to be recorded remotely, video or audio; and (B) worn on the person
> of a peace officer, which includes being attached to the officer's
> clothing or worn as glasses.

*Id.* § 1701.651(1).

Section 1701.655 requires a law enforcement agency to adopt a policy for the use of body-worn cameras if the agency either receives a program grant or otherwise operates a body-worn-camera program. *Id.* § 1701.655(a). Subsection (b) identifies guidelines and provisions that the policy must include, leaving the details for some matters to the law enforcement agency's discretion, but specifying minimum requirements for other matters. *Id.* § 1701.655(b)(1)–(7). Your question calls for a construction of subsection 1701.655(b)(5), which requires the law enforcement agency's policy to include:

> (5) provisions entitling an officer to access any recording of an
> incident involving the officer before the officer is required to make
> a statement about the incident.

*Id.* § 1701.655(b)(5); Request Letter at 1.

Courts construe statutes according to "rules of grammar and common usage." TEX. GOV'T CODE § 311.011(a); *see also Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017). When a statute does not define key terms, courts "apply their common, ordinary meaning unless a contrary meaning is apparent from the statute's language." *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34 (Tex. 2017); *see also Nassar*, 508 S.W.3d at 258 (stating that courts "give words and phrases their ordinary and generally accepted meaning"). To determine a word's common meaning, courts typically begin by considering dictionary definitions. *Tex. State Bd. of Exam'rs*, 511 S.W.3d at 35. When an undefined term has multiple meanings, courts "apply the definition most consistent with the context of the statutory scheme." *Thompson v. Tex. Dep't of Licensing & Regulation*, 455 S.W.3d 569, 571 (Tex. 2014).

Under subsection 1701.655(b)(5), a law enforcement agency's body-worn-camera policy must contain a provision "entitling" a peace officer to certain access. TEX. OCC. CODE § 1701.655(b)(5). In context, "entitling" means conferring a right.[2] The right of access belongs to a peace officer required to make a statement about an incident involving the officer. *Id.* The subject of the recording that the officer may access is the incident involving the officer. *Id.* Thus,

---

[2]*See* AMERICAN HERITAGE COLLEGE DICTIONARY 595 (5th ed. 2016) ("to furnish with a right or claim to something"); WEBSTER'S THIRD NEW INT'L DICTIONARY 758 (2002) ("to give a right or legal title to"); BLACK'S LAW DICTIONARY 649 (10th ed. 2014) ("to grant a legal right to or qualify for").

whether a peace officer has the right to access a particular recording turns on the meaning of the word "any" in the phrase "any recording of an incident involving the officer." *Id.*

Texas courts generally interpret "any" to mean "every." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010) (citations omitted). In its broad sense, "any" may also commonly mean "all," "each," or "each one of all." *Tex. Co. v. Schriewer*, 38 S.W.2d 141, 144 (Tex. Civ. App.—Waco 1931), *modified sub nom. Smith v. Tex. Co.*, 53 S.W.2d 774 (Tex. Comm'n App. 1932, holding approved). However, the meaning of "any" can be "restrained, limited, or influenced by the subject-matter or manner in which it is used." *Id.*

Subsection 1701.655(b)(5) identifies the recordings that an officer may access according to subject matter but not by the identity of the person wearing the camera making the recording. TEX. OCC. CODE § 1701.655(b)(5). Nor does any other provision in Subchapter N impliedly restrict the officer's access rights to only those recordings made by the camera worn by the officer. Courts do not imply restrictions that cannot be found in a statute's plain language. *See Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). While there may be valid arguments for or against such a restriction, courts do not "second-guess the Legislature's policy choice by adding language to an unambiguous statute." *City of Houston v. Jackson*, 192 S.W.3d 764, 774 (Tex. 2006); *see also In re Blair*, 408 S.W.3d 843, 869 (Tex. 2013) (holding that "policy arguments cannot prevail over the words of the statute"). Thus, in subsection 1701.655(b)(5), an officer's entitlement to access "any" of the recordings of the incident means that the officer may choose which recording or recordings to access. TEX. OCC. CODE § 1701.655(b)(5). Further, while a law enforcement agency has general discretion to establish the details of its body-worn-camera policies, its policies may not defeat an officer's statutory right to access any recording of the incident before providing a statement. *See id.* Accordingly, subsection 1701.655(b)(5) of the Occupations Code requires a law enforcement agency that receives a grant for a body-worn-camera program or otherwise operates a body-worn-camera program to adopt a policy that entitles a peace officer to choose which recording or recordings of an incident involving the officer to access before the officer is required to make a statement about the incident.

## S U M M A R Y

Subsection 1701.655(b)(5) of the Occupations Code requires a law enforcement agency that receives a grant for a body-worn-camera program or otherwise operates a body-worn-camera program to adopt a policy that entitles a peace officer to choose which recording or recordings of an incident involving the officer to access before the officer is required to make a statement about the incident.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee