OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Jeff Wentworth
Chair, Redistricting Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0527

Re: Whether the University of Texas System may adopt a mandatory infrastructure fee without express legislative authority (RQ-0500-JC)

Dear Senator Wentworth:

You ask whether the University of Texas System Board of Regents may adopt a mandatory infrastructure fee under existing law.[1] In February of this year, the Board of Regents of the University System (the "Board") approved an infrastructure charge for students of the University of Texas at Austin. *See* Minutes of the Board of Regents of the University of Texas System, Meeting No. 948 (Feb. 13-14, 2002) at 49 *available at* http://www.utsystem.edu/borminutes/2-02meeting948.pdf (last visited June 25, 2002). The infrastructure charge, set for the 2002-2003 academic year at $150 per long session semester for a student taking seven or more semester credit hours and $75 per long session semester for a student taking no more than six semester credit hours, would increase annually through the 2007-2008 academic year by amounts ranging from $30 to $85. *See id.* at 45; *see also* Board of Regents Agenda Book, Feb. 13-14, 2002, Academic Affairs Committee Substitute Agenda Item at 1a, *available at* http://www.utsystem.edu/bor/agendabook/February/yellow%20paper%20aac.doc (last visited June 25, 2002) [hereinafter Comm. Substitute Agenda Item]. According to the request to the Board for approval of an infrastructure fee, "[t]he fee income will be dedicated for the repair, renovation, and essential capital improvement of U.T. Austin's educational and general facilities." Board of Regents Agenda Book, Feb. 13-14, 2002, Academic Affairs Committee at 3, *available at* http://www.utsystem.edu/bor/agendabook/February/2-02AacAB.doc (last visited June 25, 2002); *see also* Comm. Substitute Agenda Item at 2b. "Approximately one-half of the infrastructure charge income will be dedicated to paying for essential repairs and renovations," while the remainder "will be bonded and used to pay debt service on essential capital projects funded by such bonding, many related to fire and life safety upgrades and water control and environmental health issues." Comm. Substitute Agenda Item at 2b. University officials cite as authority for the Board's action section 55.16(a) of the Education Code, which provides as follows:

---

[1]Letter from Senator Jeff Wentworth, Chair, Redistricting Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Jan. 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> (a) Each board shall be authorized to fix and collect rentals, rates, and charges from students and others for the occupancy, services, use, and/or availability of all or any of its property, buildings, structures, activities, operations, or other facilities as provided by this section.

TEX. EDUC. CODE ANN. § 55.16(a) (Vernon Supp. 2002).

You inquire about the construction of this provision because you do not agree that its language authorizes the board of an institution of higher education to fix and collect charges to support the institution's property or other components. *See* Request Letter, *supra* note 1, at 2. Education Code section 55.16 authorizes the governing board of an institution of higher education to fix and collect charges from students and others for the occupancy, services, use, and/or availability of all or any of its property, buildings, structures, or activities, subject to limits found in other Education Code provisions. TEX. EDUC. CODE ANN. § 55.16 (Vernon Supp. 2002). Section 54.0513 of the Education Code establishes the maximum amount that may be charged for the purposes of the former "building use fee." *See id.* § 54.0513. To the extent that the infrastructure charge is collected for the same purposes as the building use fee, it is subject to the limit established by section 54.0513. *See id.*

We note as a threshold matter that Education Code section 55.16 was amended by House Bill 658 and Senate Bill 1759 of the Seventy-seventh Legislature. *See* Act of May 23, 2001, 77th Leg., R.S., ch. 769, § 13, 2001 Tex. Gen. Laws 1509, 1513 (Senate Bill 1759); Act of May 26, 2001, 77th Leg., R.S., ch. 1432, § 2, 2001 Tex. Gen. Laws 5124-25 (House Bill 658). As a result of being amended by two enactments of the same legislature, there are two versions of Education Code sections 55.16(b), (c), and (d), but the differences are irrelevant to the issue you raise and none of them appear to be substantive. Where quotation of sections 55.16(b), (c), or (d) is necessary, we will quote the language adopted by House Bill 658.

Chapter 55 of the Education Code relates to the financing of public improvements by state institutions of higher education. *See generally* Tex. Att'y Gen. Op. No. DM-421 (1996) at 1. Section 55.13 of the Education Code authorizes the governing board of an institution of higher education to issue revenue bonds "for the purpose of providing funds to acquire, purchase, construct, improve, enlarge, and/or equip any property, buildings, structures, activities, services, operations, or other facilities," to be payable from any of the revenue funds of the board and its institutions. TEX. EDUC. CODE ANN. § 55.13(a) (Vernon Supp. 2002). The term "revenue funds" is broadly defined as "the revenues, incomes, receipts, rentals, rates, charges, fees, grants, and tuition levied or collected from any public or private source by an institution of higher education." *Id.* § 55.01(3). Thus, revenue funds include the "rentals, rates, and charges" that section 55.16(a) authorizes the board to fix and collect "from students and others for the occupancy, services, use, and/or availability of . . . property, buildings, . . . operations, or other facilities as provided by this section." *Id.* § 55.16(a). *See generally* Tex. Att'y Gen. Op. No. DM-421 (1996) at 2. These funds may be pledged or used to secure or pay off bonds issued under chapter 55 or other law. *See* TEX. EDUC. CODE ANN. § 55.16(b) (Vernon Supp. 2002).

As we have noted, section 55.16(a) of the Education Code authorizes each board of an institution of higher education " to fix and collect rentals, rates, and charges from students and others for the occupancy, services, use, and/or availability of all or any of its property, buildings, structures, activities, operations, or other facilities *as provided by this section.*" *See id.* § 55.16(a) (emphasis added). Section 55.16(c) provides that a board may not "impose a rental, rate, charge, or fee in an amount *that exceeds any applicable limit imposed by another provision* of this title [Education Code title 3]," subject to an exception in subsection (e) that enables the board to pay off bonds that have been issued. *Id.* § 55.16(c) (emphasis added); *see also id.* § 55.16(e).

Among the limitations on a board's authority to impose a "rental, rate, charge, or fee" are statutes authorizing the governing board of an institution of higher education to charge students a specific fee to finance, build, operate, or maintain a specific facility. *See e.g.,* TEX. EDUC. CODE ANN. § 54.510 (Vernon 1996) (each student enrolled in the University of Texas at Austin may be charged a fee not to exceed $20 a semester to finance, build, operate, maintain and improve recreational sports facilities and programs); § 54.528 (Vernon Supp. 2002) (recreational facility fee for University of Houston imposed by majority vote of students; not to exceed $75 per semester); § 54.533 (Vernon Supp. 2002) (student union fee for University of Texas of the Permian Basin; not to exceed $50 per semester per student and not to exceed $39 unless approved by vote of students).

Another limitation on a board's authority to impose a rental, rate, charge, or fee is found in Education Code section 54.0513, which provides in part:

> (a) The building use fee previously authorized in Section 55.16 of this code is redesignated as tuition.
>
> (b) In addition to amounts that a governing board of an institution of higher education is authorized to charge as tuition under the other provisions of this chapter, the governing board is authorized to charge as tuition in an academic year an amount not to exceed the amount charged under Sections 54.051 or 54.0512, as applicable in that academic year.
>
> . . . .
>
> (f) A governing board of an institution of higher education may continue to charge as tuition under this section the amount that it charged as the building use fee at that institution in the 1996-1997 academic year without holding a public hearing, but may not increase tuition under this section above that amount without holding a public hearing.

TEX. EDUC. CODE ANN. § 54.0513 (Vernon Supp. 2002).

The additional amount that the Board may charge pursuant to section 54.0513(b) has been described as "designated tuition." *See* University of Texas System, Summary of Statutory Authority for Fees & Charges at 6, *available at* http://www.utsystem.edu/bor/feesummary.htm (last visited June 25, 2002). The legislature has set tuition rates in sections 54.051 and 54.0512 of the Education Code, and section 54.0513(b) in effect allows the Board to double the legislatively established tuition rate by adding to it an amount of "designated tuition" not to exceed "the amount charged under Sections 54.051 or 54.0512, as applicable, in that academic year." TEX. EDUC. CODE ANN. § 54.0513(b) (Vernon Supp. 2002); *see also id.* §§ 54.051, 54.0512. Section 54.051 establishes tuition rates for resident and nonresident students and for students in certain professional programs or other specified programs. *See id.* § 54.051. Section 54.0512 "[n]otwithstanding Section 54.051," establishes tuition rates for a resident student at a general academic teaching institution for the academic years 2000-2001 through 2005-2006. *See id.* § 54.0512(a); *see also id.* § 54.0512(d) (section 54.0512 expires on January 1, 2008). For example, tuition is $44 per semester credit hour in the 2002-2003 academic year and $48 per semester credit hour in the 2004-2005 academic year. *See id.* § 54.0512(b). Thus, in the 2002-2003 academic year, the tuition set by the legislature for resident students pursuant to section 54.0512 would be $44 per semester credit hour, or $660 for fifteen semester credit hours. Under section 54.0513(b), the Board may charge resident students "designated tuition" of another $44 per semester credit hour. The student would pay $88 per semester credit hour, or $1320 for fifteen semester credit hours. A tuition and fee chart for the University of Texas at Austin shows the tuition rate per semester credit hour as $88 for undergraduates who are Texas residents. The University of Texas at Austin, Student Accounts Receivable, Tuition and Fees 2002-2003 Academic Year, *available at* http://www.utexas.edu/business/accounting/pubs/0203fee.pdf (last visited June 25, 2002). Therefore, the Board has set the maximum amount of designated tuition that section 54.0513 allows for the 2002-2003 academic year.

We consider the relationship between sections 54.0513 and section 55.16 of the Education Code. Although the first step in construing a statute is to look at the plain and common meaning of its words and to adopt the interpretation supported by the unambiguous meaning, *see Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999), the courts will use extrinsic aids, such as legislative history, to interpret an ambiguous statute. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). A court may consider among other matters legislative history and former statutory provision, including laws on the same or similar subjects. *See* TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). Section 54.0513 does not explain the term "building use fee previously authorized in Section 55.16 of this code" and it expressly refers us to prior versions of section 55.16 to determine its meaning. We will review the legislative history of section 55.16 to aid in understanding section 54.0513.

When the predecessor of Education Code section 55.16 was first adopted in 1969, it authorized each governing board "to fix and collect rentals, rates, charges, and/or fees from students or others for the occupancy, use, and/or availability" of its property, buildings, or other facilities. *See* Act of May 26, 1969, 61st Leg., R.S., ch. 763, § 1, 1969 Tex. Gen. Laws 2264; Act of

May 22, 1971, 62d Leg., R.S., ch. 1024, art. 1, § 1, 1971 Tex. Gen. Laws 3072, 3126 (amending and reenacting title 3, Texas Education Code and including Education Code chapter 55 in it). Subsequent amendments limited the amount of "student use fees," or "building use fees,"[2] that could be collected under section 55.16 or increased the amount of the limit. *See* Act of May 28, 1973, 63d Leg., R.S., ch. 641, § 1, 1973 Tex. Gen. Laws 1759 ("all student use fees shall be fixed and collected in proportion to the number of semester credit hours for which a student registers"); Act of May 31, 1975, 64th Leg., R.S., ch. 469, § 1, 1975 Tex. Gen. Laws 1245 (student use fees were not to exceed $6 per semester hour); *see also* Act of May 28, 1989, 71st Leg., R.S., ch. 716, § 1, 1989 Tex. Gen. Laws 3255; Act of May 27, 1991, 72d Leg., R.S., ch. 839, § 1, 1991 Tex. Gen. Laws 2901, 2902; Act of May 18, 1993, 73d Leg., R.S., ch. 327, § 1, 1993 Tex. Gen. Laws 1421 (increasing limit on student use fees). In 1995, section 55.16 was amended to provide that "all student use fees shall be fixed and collected in proportion to the number of semester credit hours for which a student registers," and that they should not exceed the tuition rate per semester credit hour for a resident student under subchapter B, chapter 54 of the Education Code. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 757, § 7, 1995 Tex. Gen. Laws 3948, 3950. Universities could thus raise the "building use fee" to an amount equal to tuition charged to resident students.

In 1997, the legislature enacted a bill deleting the terms "fee" and "student use fees" from section 55.16(a) and adopting section 54.0513 of the Education Code, which redesignated the former building use fee as tuition. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1073, art. 1, §§ 1.01, 1.05, 1997 Tex. Gen. Laws 4143, 4144, *as amended by* Act of May 25, 2001, 77th Leg., R.S., ch. 655, § 4, 2001 Tex. Gen. Laws 1225, 1226) (amending Education Code § 54.0513(b)). The bill analysis stated that "[b]y redesignating the 'building use fee' as tuition, institutions will be required to identify 'building use fees' and others like it, as tuition fees." *See* HOUSE COMM. ON HIGHER EDUCATION, BILL ANALYSIS, Tex. C.S.S.B. 1907, 75th Leg., R.S. (1997). It moreover stated that "[t]his bill, known as the 'truth-in-tuition legislation,' does not authorize universities to increase tuition and fees beyond what is presently stated in statutes." *Id.* Thus, the purpose of the 1997 amendment was to more clearly inform students of their education expenses, not to remove limits on a university's authority under Education Code section 55.16.

The authority to collect the former building use fee and the limits on its amount are now found in section 54.0513(a). Statutes that deal with the same general subject are construed together, and this is particularly so if they were adopted by the same session of the legislature. *See Wichita County, Tex. v. Hart*, 917 S.W.2d 779, 782 (Tex. 1996); *State v. Dyer*, 200 S.W.2d 813, 817 (Tex. 1947). The reasons for construing sections 54.0513 and 55.16 together are even stronger, because they were respectively adopted and amended by the same bill and section 54.0513 expressly refers us to section 55.16. Accordingly, the governing board of an institution of higher education may not "impose a rental, rate, charge, or fee" for the purposes of the former building use fee in an amount that exceeds the limit now found in section 54.0513 of the Education Code. The section 54.0513 limit continues to apply to section 55.16 as it did before the 1997 amendment.

---

[2]*See* Tex. Educ. Code Ann. § 54.513(1) (Vernon Supp. 2002); Tex. Att'y Gen. Op. No. DM-359 (1995) (authority of a board of regents to pledge "building use fees" toward payment of bonds).

A governing board continues to have authority under section 55.16 to "fix and collect rentals, rates, and charges from students and others for the occupancy, services, use, and/or availability" of its property, buildings, structures, activities, operations, or other facilities. *See* TEX. EDUC. CODE ANN. § 55.16(a) (Vernon Supp. 2002); *see also id.* § 55.17(c) ("[t]uition, rentals, rates, and other charges of an institution of higher education authorized by this title . . . shall be fixed and collected from all or any designated part of the students enrolled in the institution or institutions, . . . in the amounts and in the manner as determined and provided by the board in the resolution authorizing the issuance of the bonds; and said tuition, rentals, rates, and other charges may be collected . . . without regard to actual use, availability, or existence of any facility"). The grant of authority in section 55.16 is subject to the limits found in section 54.0513 and other statutes. *See id.* § 55.16(a). Accordingly, section 55.16(a) does not authorize the board to impose any charge equivalent to the former building use fee that, when added to amount of building use fee redesignated as tuition in section 54.0513, exceeds the statutory maximum for the designated tuition.

An examination of the statutes shows some similarities between the new infrastructure charge and the former building use fee, designated as tuition under section 54.0513. Both are "revenue funds." *See id.* § 55.01(3). Moreover, the building use fee now designated as tuition by section 54.0513 was initially set under section 55.16(a) of the Education Code, the statute that the university relies upon for authority to fix and collect the infrastructure charge.

More significant for determining whether the infrastructure charge is actually the equivalent of the "building use fee" is the purpose for which each is collected and allocated. The name given to the payment is certainly not determinative. Approximately one-half of the infrastructure charge income will be dedicated to repairs and renovations, while the remainder will be used to pay debt service on essential capital projects, many related to fire and life safety upgrades and water control and environmental health issues. *See* Comm. Substitute Agenda Item at 2b. Building use fees have historically been used to fund construction and equipping of buildings. *See* TEX. EDUC. CODE ANN. § 55.11 revisor's note-1971 (Vernon 1996); *see also* Act of May 12, 1941, 47th Leg., R.S., ch. 560, § 1, 1941 Tex. Gen. Laws 908, *repealed by* Act of May 22, 1971, 62d Leg., R.S., ch. 1024, art. 1, § 3, 1971 Tex. Gen. Laws 3072, 3323 (expressly authorizing specific universities to charge students a building use fee, not exceeding five dollars per semester, for construction and equipment of buildings, paving streets, and other capital improvements). The infrastructure charge will be used at least in part to pay for capital improvements. *See* Comm. Substitute Agenda Item at 2b. To the extent that part of the infrastructure charge is the equivalent of the former "building use fee" that part is subject to the limit in section 54.0513. We do not have sufficient information to conclude that the building use fee historically has been used for repairs and maintenance purposes, but if it has, the part of the infrastructure charge allocated for this purpose is equivalent to the former building use fee and is also subject to the statutory limit found in section 54.0513 of the Education Code.

## S U M M A R Y

Section 55.16 of the Education Code authorizes the governing board of an institution of higher education to collect charges from students for the occupancy, services, use, and/or availability of all or any of its property, buildings, structures, and activities, subject to limits found in other Education Code provisions. Section 54.0513 of the Education Code establishes the maximum amount that may be charged for the purposes of the former "building use fee" and thus limits the amount that the University of Texas System Board of Regents may collect under Education Code section 55.16(a) for this purpose. Any charge imposed under section 55.16(a) for the same purposes as the former "building use fee," when combined with the charge imposed under section 54.0513, cannot exceed the maximum amount authorized by 54.0513. To the extent that the "infrastructure charge" is the equivalent of the former "building use fee" it would be subject at least in part to the limit in Education Code section 54.0513.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee