Kenneth BARCHUS, Appellant,

v.

STATE FARM FIRE & CASUALTY COMPANY, Appellee.

No. 14–04–00320–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 2005.

Jeffrey L. Raizner, Houston, for appellants.

Scot A. Schwartzberg, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices HUDSON and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Kenneth Barchus, appeals the trial court's judgment in favor of appellee, State Farm Fire & Casualty Company, in his appeal from the Texas Workers' Compensation Commission's (the "Commission") decision denying him lifetime income benefits for a work-related injury sustained in 1995. We reverse and render judgment that Barchus is entitled to lifetime income benefits.

On February 11, 1995, Barchus was on his way to the bank to make a deposit in the course and scope of his employment for Barchus Barber Shop when he fell and struck his head. Barchus sustained post-traumatic encephalopathy, a traumatic brain injury. After his initial income benefits were exhausted, Barchus sought lifetime income benefits ("LIBs") under the Texas Workers' Compensation Act ("the Act"). *See* TEX. LAB.CODE ANN. § 408.161 (Vernon Supp.2004–05).

A hearing was held before a hearing officer, who determined that Barchus was not entitled to LIBs. Barchus appealed the hearing officer's decision to a Commission appeals panel, which affirmed the hearing officer's decision. Barchus appealed the Commission panel's decision to the trial court. After a bench trial, the trial court entered a final judgment that Barchus was not entitled to recover LIBs under the Act.

Section 408.161 provides the circumstances under which a claimant is entitled to receive LIBs. TEX. LAB.CODE ANN.

§ 408.161. The version of section 408.161(a)(6) that was in effect at the time Barchus sustained his injuries in 1995, provided LIBs for

an injury to the *skull* resulting in incurable insanity or imbecility.

Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1188, *amended by* Act of June 20, 1997, 75th Leg., R.S., ch. 1443, § 7, 1997 Tex. Gen. Laws 5524 (emphasis added). Section 408.161(a)(6) was amended in 1997. *Id.* The current version of section 408.161(a)(6) provides for LIBs for

a physically traumatic injury to the *brain* resulting in incurable insanity or imbecility.

TEX. LAB.CODE ANN. § 408.161(a)(6) (emphasis added). The current version of section 408.161(a)(6), therefore, omits the requirement that the claimant must suffer an injury to the skull and, instead, requires a physically traumatic injury to the brain. Both versions require that the claimant's injury result in incurable insanity or imbecility. Because Barchus was injured in 1995, he was subject to the pre–1997 version of section 408.161(a)(6).

In its findings of fact, the trial court found, among other findings, that:

4. As a result of the February 11, 1995 incident, Plaintiff *did not fracture* the bony structure of his skull.

5. As a result of the February 11, 1995 incident, Plaintiff *did sustain an injury to the skull structures,* including and causing damage to the brain.

\* \* \*

7. As a result of the February 11, 1995 incident, Plaintiff suffered "incurable insanity or imbecility" within the meaning of Tex. Lab.Code Section 408.161(a)[6].[1]

In its conclusions of law, the trial court stated, among other conclusions, that:

2. Plaintiff did not suffer an injury to his skull within the meaning of the pre–1997 version of Tex. Lab.Code § 408.161(a)(6). According[ly], Plaintiff Kenneth Barchus is not entitled to lifetime income benefits.

3. Pursuant to Texas Workers' Compensation Commission Appeals Panel, Appeal No. 951336 (See, 1995 WL 571372), an "injury to the skull" requires a fracture of the bony structure of the skull.

\* \* \*

6. Despite the Court's finding that the injury resulted in incurable insanity or imbecility, the Court concludes that such injury did not rise to the level of an "injury to the skull" as required by the pre–1997 version of Tex. Lab.Code Section 408.161(a)(6).

Thus, while finding that Barchus had sustained an injury to the "skull structures" and suffered from "incurable insanity or imbecility," the trial court concluded that Barchus was required to show that he had sustained a *fracture* to his skull in order to satisfy the "injury to the skull" requirement so as to be entitled to LIBs under the pre–1997 version of section 408.161(a)(6).

■ State Farm asserts that Barchus argues on appeal that the "skull" and the "brain" are the same or interchangeable. We observe that the "skull" and the "brain" are not the same.[2] However, Bar-

---

1. Emphasis added.

2. The brain is defined as "The portion of the central nervous system (CNS) located within the skull that is responsible for the coordina-

tion and control of all vital activities...." AMERICAN JURISPRUDENCE PROOF OF FACTS, 3D SERIES, ATTORNEY'S ILLUSTRATED MEDICAL DICTIONARY B32 (2002). The skull is defined as "The bony framework of the head; includes the

chus does not contend that "skull" and "brain" are the same, but that an "injury" to the skull is required under the statute, not a "fracture" of the skull. Therefore, the crux of the dispute in this case is whether the pre–1997 version of section 408.161(a)(6) requires a fracture of the skull to satisfy its requirement that there be an "injury to the skull" to be entitled to LIBs.

Statutory construction is a question of law subject to de novo review. *Texas Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002); *Bragg v. Edwards Aquifer Auth.,* 71 S.W.3d 729, 734 (Tex.2002). In construing a statute, our objective is to determine and give effect to the Legislature's intent as expressed in the words of the statute. *In re Entergy Corp.,* 142 S.W.3d 316, 322 (Tex.2004); *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). In determining the Legislature's intent, we may consider other matters such as the objective of the law, legislative history, and consequences of a particular construction. *Warner v. Glass,* 135 S.W.3d 681, 684 (Tex.2004) (per curiam). When the statute's meaning is unambiguous, we interpret it according to its plain language. *In re Entergy Corp.,* 142 S.W.3d at 322; *City of San Antonio,* 111 S.W.3d at 25. The court " 'will not give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions of the statute.' " *Warner,* 135 S.W.3d at 684 (quoting *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex. 2003)).

Whether or not the statute is ambiguous, we may consider, among other matters, the administrative agency's construction of the statute. TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 2005). If the construction given to a statute by the

agency charged with its enforcement is reasonable and does not contradict the plain language of the statute, then it is entitled to serious consideration. *Continental Cas. Co. v. Downs,* 81 S.W.3d 803, 807 (Tex.2002); *see also FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 883 (Tex.2000) ("Although we defer to administrative interpretations of legislation, we do so only when they are reasonable interpretations."). However, even then, an agency's interpretation is a legal determination that is not binding on the courts, and no presumption of validity attaches to it. *Insurance Co. of State of Pennsylvania v. Moore,* 43 S.W.3d 77, 82 (Tex.App.-Fort Worth 2001, no pet.). An administrative construction will not control over the clear and express provisions of a statute, no matter how long it has been applied. *Liberty Mut. Ins. Co. v. Montana,* 49 S.W.3d 599, 601 (Tex.App.-Fort Worth 2001, no pet.).

The primary purpose of the Texas Workers' Compensation Act is to benefit and protect injured employees. *National Union Fire Ins. Co. v. Burnett,* 968 S.W.2d 950, 957 (Tex.App.-Texarkana 1998, no pet.). Thus, the Act should be construed liberally in the worker's favor. *Lujan v. Houston Gen. Ins. Co.,* 756 S.W.2d 295, 297 (Tex.1988); *Yeldell v. Holiday Hills Retirement & Nursing Ctr.,* 701 S.W.2d 243, 245 (Tex.1985).

A Commission appeals panel decision addressed the pre–1997 version of section 408.161(a)(6). *See* Tex. Workers' Comp. Comm'n, Appeal No. 951336, 1995 WL 571372 (Sept. 20, 1995). In that case, the claimant sustained an electrocution injury causing portions of his brain to die after his truck, which he was driving with his left arm resting on the door with the window open, had been struck by lightning.

---

bones encasing the brain and the bones of the    face." *Id.* at S37.

*Id.* at *2. The appeals panel observed there was no evidence that the claimant had sustained a blow to his skull, or any injury to the skull. *Id.* at *6. The appeals panel concluded that under either a plain or technical interpretation of the pre–1997 version of section 408.161(a)(6), "only insanity or imbecility resulting from an injury which also involves the skull is currently eligible for LIBS." *Id.*

In concluding that Barchus was required to establish that he had suffered a fracture of his skull, the trial court relied on the 1995 Commission appeals panel decision. The issue in that case, however, was whether brain injuries resulting in incurable insanity and imbecility, but not involving any injury to the skull, entitled the claimant to LIBs. *Id.* at *6–7. In that case, there was no "injury to the skull," and, therefore, the claimant was not entitled to LIBs. *Id.*[3] Nowhere in that decision does the Commission appeals panel re-

quire a "fracture" of the skull. Other Commission decisions have similarly considered whether the claimant had the requisite "injury to the skull"—not whether a "fracture" to the skull was sustained—or if there were an injury to the skull, whether such injury resulted in incurable insanity or imbecility.[4] However, a later Commission appeals panel decision affirmed the denial of LIBs, specifically noting that the claimant failed to produce "medical evidence of a skull fracture or other damage or harm to the skull." Tex. Workers' Comp. Comm'n, Appeal No. 012250, 2001 WL 1472175, at *1 (Oct. 31, 2001).

The pre–1997 version of section 408.161(a)(6) of the statute clearly has two requirements: (1) an injury to the skull, (2) which results in insanity or imbecility. However, we do not believe that "injury to skull" demands a "fracture of the skull." The Act broadly defines the term "injury" as "damage or harm to the physical struc-

---

**3.** This very issue was addressed by the Legislature when it amended the statute after the 1995 appeals panel decision. The Senate debate, in part, on the amendment reflects the change:

> SEN. BARRIENTOS: Mr. President, Members, one of the provisions of the bill that was to address a problem case that exists now arose in the lifetime income benefits. A worker had brain damage from an electrocution, but because the statu[te] requires an injury to the skull, lifetime benefits were denied. This amendment addresses that case by changing an injury to the skull to a physically traumatic injury to the brain. And that language will insure that those whose condition would otherwise qualify for lifetime benefits will not be denied those benefits [because] there was not a blow to the skull . . .
>
> SEN. RATLIFF: Sen. Barrientos, you and I have—and our staffs have worked together on this and the amendment will be acceptable. We're talking about a brain injury that is the result of a traumatic injury and so the amendment is acceptable.

Debate on Tex. H.B. 3522 on the Floor of the Senate, 75th Leg., R.S. (May 22, 1997).

**4.** *See, e.g.,* Tex. Workers' Comp. Comm'n, Appeal No. 030324, 2003 WL 21234967, at *2 (Apr. 2, 2003) (reversing award of LIBs where although claimant had established injury to skull, evidence established it was trauma to brain, not injury to skull that led to his mental deterioration); Tex. Worker's Comp. Comm'n, Appeal No. 011856, 2001 WL 1344697, at *2 (Sept. 25, 2001) (reversing hearing officer's finding that claimant had met burden for injury to skull, instead, concluding that such finding was against overwhelming weight of evidence as to be clearly wrong or manifestly unjust where there was no specific diagnosis of injury to claimant's skull or other physical damage to bony structure); Tex. Workers' Comp. Comm'n, Appeal No. 992869, 1999 WL 1567551, at *3 (Feb. 4, 2000) (affirming denial of LIBs and finding evidence supported hearing officer's factual findings that claimant did not sustain injury to his skull in his fall at work, and that while claimant did not suffer from imbecility, he was insane, but that his insanity was not incurable).

ture of the body and a disease or infection naturally resulting from the damage or harm. The term includes an occupational disease." Tex. Lab.Code Ann. § 401.011(1) (Vernon Supp.2004–05). To read into the statute a more narrow requirement that a claimant must suffer a fracture to the skull is inconsistent with the plain language of the statute. If the Legislature had intended to specify that a claimant must sustain a fracture of the skull, rather than a more broadly defined "injury," it could have done so.

To the extent the Commission has concluded that a claimant must show evidence that he fractured his skull to be entitled to LIBs, we find that such conclusion is inconsistent with the plain language of the statute. Therefore, it was error for the trial court to conclude that Barchus did not satisfy the "injury to the skull" requirement because he did not suffer a fracture of his skull. We sustain this issue.

The trial court found that Barchus "did sustain an injury to the skull structures," and that he "suffered 'incurable insanity or imbecility' within the meaning of Tex. Lab. Code Section 408.161(a)[6]." These factual findings have not been challenged on appeal. Accordingly, we reverse the judgment of the trial court and render judgment that Barchus is entitled to LIBs for the injury he sustained on February 11, 1995.