ACCEPTED
01-14-00508-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/13/2015 11:06:12 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00508-CV

IN THE 1ST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/13/2015 11:06:12 PM
CHRISTOPHER A. PRINE
Clerk

## Francisco Chamul, *Appellant*

## V.

## Amerisure Mutual Insurance Co., *Appellee*

On appeal from the 190th District Court of Harris County, Texas;
Cause No. 2012-14219

## FRANCISCO CHAMUL APPELLANT'S REPLY TO APPELLEE'S BRIEF

Larry Trimble
Texas Bar No. 00786295
902 Heights Blvd.
Houston, TX 77008
Tel. (713) 863.8600
Fax. (713) 863.1161
ltrimble@texaslawspot.com
*Co-counsel for Appellant*

Bradley Dean McClellan
State Bar No. 13395980
Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
*Lead Appellate Counsel*
*for Francisco Chamul, Appellant*

May 13, 2015

## Oral Argument Requested

i

No. 01-14-00508-CV Francisco Chamul's Appellant's Reply Brief

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                    iii

ISSUES PRESENTED                                                        iv

FRANCISCO CHAMUL'S APPELLANT'S REPLY BRIEF                              1

SUMMARY OF REPLY ARGUMENT                                               1

ARGUMENT & AUTHORITIES                                                  2

Issue No.1: Whether the District Court erred in granting summary judgment in part by applying to legally erroneous definition of imbecility which is too strict and not found in the Texas Workers' Compensation Act?          3

Issue No. 2:  Whether the District Court erred in determining an affidavit rose to the level of a sham affidavit?                                     13

CONCLUSION                                                             15

PRAYER                                                                 16

CERTIFICATE OF COMPLIANCE                                              17

CERTIFICATE OF SERVICE                                                 17

# INDEX OF AUTHORITIES

**Cases**

*Barchus v. State Farm Fire & Casualty Co*., 167 S.W.3d 575 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)......................................................................6, 8

*Barnett v. D.L. Bromwell, Inc.,* 6 Va. App. 30, 36, 366 S.E.2d 271, 274, 1988 Va. App. LEXIS 16, 13, 4 Va. Law Rep. 2147 (Va. Ct. App. 1988) ............................... 7

*Cantu v. Peacher*, 53 S.W.3d 5, 10 (Tex. App.—San Antonio 2001, pet. denied) .. 14

*Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 445 (Tex. 2009) ................ 3

*Fulton v. Associated Indem. Corp*., 46 S.W.3d 364, 369 (Tex. App.--Austin 2001, pet. denied) ........................................................................................... 12

*Kroger Co. v. Keng*, 23 S.W.3d 347, 349, 2000 Tex. LEXIS 51, 7-8, 43 Tex. Sup. J. 738 (Tex. 2000) ........................................................................................... 12

*Liberty Mut. Ins. Co. v. Camacho*, 228 S.W.3d 453 (Tex. App.—Beaumont 2007, pet. denied). ............................................................................................... 8

*Redfern v. Sparks-Withington Co*., 403 Mich. 63, 85, 268 N.W.2d 28, 37, 1978 Mich. LEXIS 326, 31-32 (Mich. 1978)...................................................... 7

*Rich v. Rich*, 615 S.W.2d 795 , 797 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ)............................................................................................................ 12

**Statutes**

Texas Labor Code § 408.161(a)(6)........................................................................3, 6

Texas Labor Code § 51.011 .................................................................................... 13

Texas Labor Code Section 401.011(12): ................................................................. 9

Texas Labor Code Section 408.221.......................................................................... 15

Texas Probate Code § 601(14) ............................................................................... 10

**Other Authorities**

DWC Appeals Panel Decision No. 121131-s, decided August 27, 2012................2, 4

Texas Pattern Jury Charge 25 Lifetime Income Benefits....................................... 11

## ISSUES PRESENTED

**Issue No. 1:  Whether the District Court erred in granting summary judgment in part by applying to legally erroneous definition of imbecility which is too strict and not found in the Texas Workers' Compensation Act?**


**Issue No. 2:  Whether the District Court erred in determining an affidavit rose to the level of a sham affidavit?**

# No. <u>01-14-00508-CV</u>

**IN THE 1ST COURT OF APPEALS
HOUSTON, TEXAS**

---

**Francisco Chamul, *Appellant***

**V.**

**Amerisure Mutual Insurance Co., *Appellee***

---

**On appeal from the 190th District Court of Harris County, Texas;
Cause No. 2012-14219**

---

## <u>FRANCISCO CHAMUL APPELLANT'S REPLY BRIEF</u>

---

**To the Honorable Justices of the 1st Court of Appeals:**

The Appellee argues vigorously to put an age limit on the term "imbecility" as used for almost 100 years undefined in the Texas Workers' Compensation Act; however, this would restrict the common usage of the term in a manner not adopted by the Texas Legislature.

The erroneous age restriction of having a mind of a 3 to 7 year old is not found in the Texas Workers' Compensation Act and has even been rejected by the Texas Department of Insurance-Division of Workers' Compensation, the DWC, in a

recent DWC Appeals Panel decision by three appeals panel judges in DWC Appeals Panel Decision No. 121131-s, decided August 27, 2012.[1] The Appellee, Amerisure Mutual Insurance Company, attempts to dismiss the most recent application of imbecility by the DWC as "dicta,"[2] when clearly the DWC is not artificially and technically limiting a term which is not defined by the Legislature for almost 100 years.

This Court is respectfully requested to render a decision in favor of Francisco Chamul and minimally remand this matter back to the District Court because the Plaintiff's summary judgment was improperly granted both on the law and because certainly a disputed fact issue exists. If this Court renders entitlement to lifetime income benefits for Francisco in granting his summary judgment, this Court would need to remand for an award of attorney fees, which would be recoverable out of the claimant's recovery.

## I. SUMMARY OF THE ARGUMENT

The Appellee wants this Court to determine that "[t]here is no basis for rejecting a definition simply because it is a technical definition."[3]  This is case

---

[1] DWC Appeals Panel Decision No. 121131-s, decided August 27, 2012. See Appendix 3 of Appellant's Brief.
[2] Appellee's Brief, p. 13
[3] Appellee's Brief, p. 13

directly concerns the level of traumatic brain injury a worker must suffer to qualify for lifetime income benefits under an undefined "imbecility" standard under Texas Labor Code § 408.161(a)(6).

Many years ago, the Texas Supreme Court explained: "No definite rule of law can be laid down as to what condition of mind or degree of mental imbecility is sufficient to avoid a contract . . ." Varner v. Carson, 59 Tex. 303, 306, 1883 Tex. LEXIS 159, 7 (Tex. 1883).

More recently, the Texas Supreme Court has refused to limit plain language terms used in a statute explaining: "It matters not what someone thinks the text may have meant to say or now hopes or wishes it said. To look beyond the plain language risks usurping authorship in the name of interpretation." *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 445 (Tex. 2009) (concurring opinion by Justice Hecht)

Imbecility under the Texas Workers' Compensation Act should consider all the factors surrounding a traumatic brain injury and certainly should not be controlled by any singular factor such as an allegation of mental age of a 3 to 7 year old.

Recently, while this case was pending at the trial court below, the Appeals DWC Appeals Panel applied a "severe cognitive dysfunction" from an irreversible

brain injury which renders the employee permanently unemployable and not a "technical definition."[4]    In DWC Appeal Decision No. 121131, the DWC Appeals Panel noted the injured worker had a 20% impairment rating due to the brain injury and that the hearing officer found that the brain injury was irreversible and that the worker was rendered "permanently unemployable and significantly affects the non-vocational quality of his life by eliminating his ability to engage in a range of usual cognitive processes."[5]

In this matter the Appellee appears to ignore or not respond that Francisco Chamul was assigned a 25% whole person impairment rating for mental and behavioral disorders, and that his father provides significant assistance with his physical and mental activities of daily living.[6] Further, the Insurance Carrier appears to base everything on an erroneously limiting technical age definition and not on the fact that Francisco Chamul will always require a caregiver to take care of him for the rest of his life.[7]

Dr. Hite, the DWC selected doctor, thought Francisco functioned at the level of an 11-12 year old but was clear in stating **"I do not believe he is able to take**

---

[4] See DWC Appeals Panel Decision 121131-S filed August 27, 2012.  Appendix 3 of Appellant's Brief. http://www.tdi.texas.gov/appeals/sig_cases/121131rs.pdf
[5] Id.
[6] CR 362, CR 84-85
[7] CR 57, Doctor Ivanhoe Deposition, CR transcript page 56 lines 19-23

**care of himself independently and will need some type of caretaker person for the rest of his life.**"[8]     How can a person who is so mentally impaired as to need a caretaker not be considered to have reached a level of imbecility or significant cognitive deficits?

This Court should render judgment for Francisco that he is entitled to lifetime income benefits and remand for an award of attorney fees or minimally remand so the factual dispute may be determined by a jury.

---

[8] CR 75, Medical Evaluation by Dr. Hite, p.7.

**No. 01-14-00508-CV Francisco Chamul's Appellant's Reply Brief**

## II.    ARGUMENT & AUTHORITIES

**Issue No. 1:  Whether the District Court erred in granting summary judgment in part by applying to legally erroneous definition of imbecility which is too strict and not found in the Texas Workers' Compensation Act?**

No technical definition, much less an age limitation, is applied to imbecility.

The pertinent section of the Texas Workers' Compensation Act is Texas Labor Code

§ 408.161(a)(6):

> (a)  Lifetime income benefits are paid until the death of the employee for:
>   (6)  a physically traumatic injury to the brain resulting in incurable insanity or imbecility.

No definition of incurable insanity or imbecility exists under the Texas Workers'

Compensation Act definitions located at Section 401.011 of the Texas Labor Code

defining terms such as "injury" or "impairment" but not defining "insanity" or

"imbecility."  *See Barchus v. State Farm Fire & Casualty Co*., 167 S.W.3d 575 (Tex.

App.-Houston [14th Dist.] 2005, pet. denied).    The *Barchus* decision noted how a

Virginia court of appeals refused to put technical limitations on an undefined term.

Putting specific technical absolute limiting factors on the standard for

imbecility is inappropriate where the Legislature has not defined imbecility.  The

Appellee does not respond with a challenge to the jurisprudence applied by Virginia

in a court of appeals correctly refusing to apply any specific attempts at technical

limitations based upon I.Q. testing and explained:

> We hold that the legislature intended a non-technical meaning of the term imbecility which is consistent with the functional approach of *Chrisley* and the humane purposes of the Act. In that context an irreversible brain injury which renders the employee permanently unemployable and so affects the non-vocational quality of his life by eliminating his ability to engage in a range of usual cognitive processes is the functional equivalent, and meets the intended statutory definition, of incurable imbecility contemplated by Code § 65.1-56(18) and is compensable pursuant to Code § 65.1-54.

*Barnett v. D.L. Bromwell, Inc.,* 6 Va. App. 30, 36, 366 S.E.2d 271, 274, 1988 Va. App. LEXIS 16, 13, 4 Va. Law Rep. 2147 (Va. Ct. App. 1988).

The Texas Workers' Compensation Act places no adjectives such as "severe" or "mild" before or after the term "imbecility."

The Appellee does not respond to how other states have handled the term imbecility in comparable workers' compensation acts. Supreme Court of Michigan also properly avoided a technical medical or technical legal definition of imbecility to qualify for lifetime workers' compensation benefits and explained:

> We conclude that a worker's mental illness is "insanity" if he suffers severe social dysfunction and that a worker's intellectual impairment is "imbecility" if he suffers severe cognitive dysfunction. Social or cognitive dysfunction is "severe" if it affects the quality of the worker's personal, non-vocational life in significant activity comparably to the loss of two members or sight of both eyes, and is incurable if it is unlikely that normal functioning can be restored.

*Redfern v. Sparks-Withington Co.*, 403 Mich. 63, 85, 268 N.W.2d 28, 37, 1978 Mich. LEXIS 326, 31-32 (Mich. 1978).

Further the *Barchus* decision looking at incurable insanity talked about depression not being enough but did not apply a technical definition to incurable insanity.[9]

**A. The *Camacho* Opinion, relied upon by the Appellee, Did Not Address a Proper Imbecility Standard or Definition.**

The Insurance Carrier argues that the Camacho decision used the "same definition."[10] As expressed in Francisco Chamul's first Brief, the *Camacho* decision actually remanded a lifetime income benefits verdict in favor of the injured worker because the trial judge improperly instructed the jury to give no special weight to the final decision of the administrative appeals panel.[11] The *Camacho* court noted that the judge instructed the jury that an "imbecile" was "a mentally deficient person, especially a feebleminded person having a mental age of three to seven years and requiring supervision in the performance of routine daily tasks or caring for himself." Even, this definition, which was not challenged in the appeal because the worker had prevailed below, did not require or mandate an age of 3 to 7 years but used the word "especially" as a qualifier. The correctness of this definition was

---

[9] *Barchus v. State Farm Fire & Casualty Co.*, 167 S.W.3d 575 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)

[10] Appellee's Brief p. 7.

[11] *Liberty Mut. Ins. Co. v. Camacho*, 228 S.W.3d 453 (Tex. App.—Beaumont 2007, pet. denied).

8

not addressed because the worker had prevailed before the jury in *Camacho.* Further, this definition does not exclude a mental age above age 7 but refers "especially" to such a person. The correct definition of imbecility, if defined, would be a feeble minded person with significant cognitive disabilities. Possible factors would include that one is not mentally able to independently take care of one's own needs or a person who could be could mentally be taken advantage of in daily life.

## B. Define Imbecility Generally or Leave Alone Imbecility Question

Again, this Court has a chance to be the first Court to address directly how, if at all, imbecility should be defined and if such definition should be technical in nature or general. The Insurance Carrier does not challenge that the Texas Supreme Court has liberally construed the Act in the injured worker's favor. *Payne v. Galen Hospital*, 28 S.W.3d 15, 18 (Tex. 2000.

Like the Court in *Barchus* addressing the "incurable insanity" requirements of Section 408.161 needing more than just depression, this Court should determine that plenty of evidence in this matter supports a determination of "imbecility" requirements without any need for the unnecessary age range restriction.

This matter illustrates the problem created by allowing one of many individual factors to control over the substantial overall factors shown that imbecility does

9

exist in this matter. Francisco Chamul would again emphasize factors, without any single one controlling, which should matter as the damage to one's mind: (1) is the person oriented as to time and place; (2) has the person been hospitalized or institutionalized because of the mental condition; (3) does the person need a caretaker necessary to assist with activities of daily living; (4) has a guardian been appointed; (5) what is the person's intelligence level, (6) is the person able to live independently without assistance; (7) is the claimant able to use transportation: (8) is the claimant able to manage personal financial affairs; (9) is the claimant able to take his own medications; (10) is the person in need of ongoing mental treatment; and (11) is the person able to stay organized as an average person.

The Insurance Carrier discounts the comparison to the Probate Code, but confuses Francisco Chamul's reference. The Probate Code appears to use a stricter standard for "incapacitated" mentally than the common use of mental "imbecility." *See* Texas Probate Code § 601(14). This also shows that the Legislature has left imbecility undefined and unlimited certainly by age in years.

The administrative hearing officer found Francisco met the "definition" used except for the age restriction on imbecility. The hearing officer determined that:[12]

> The evidence presented at the Contested Case Hearing reveals that although Claimant likely meets the initial portion of the definition, Claimant has not

_____

[12] CR 17

been shown to exhibit the mental age range in question.

Again, this "definition" applying an age restriction does not exist in the Act and does not exist in the long case law discussing imbecility as having a feeble or weak mind but not otherwise defined.

### C. Texas Pattern Jury Charges on Imbecility and Incurable Insanity

The Appellee erroneously dismisses[13] the lack of any limiting definition in the recently released Texas Pattern Jury Charge on lifetime income benefits do not offer any definitions for "incurable insanity" or for "imbecility," and this appears to clearly track that these are general not technical terms.[14] TPJC 25.6A and 25.6B only include the general question with no restrictive definitions: "Did [Claimant] suffer a physically traumatic injury to the brain that is a producing cause of incurable insanity or imbecility?" Though other portions of the TPJC in the workers' compensation context do provide statutory definitions or other definitions. While a number of factors may impact a determination of imbecility, one factor such as I.Q. or mental "age" should not be controlling and certainly not legally conclusive. It was error for the District Judge to allow mental age to override

---

[13] Appellee's Brief p. 8

[14] See Appendix 4 to Appellant's Brief. Texas Pattern Jury Charge 25 Lifetime Income Benefits.

11

all the other factors presented.

In light of the liberal construction in favor of injured workers, a court and the DWC should not narrowly construe the Texas Workers' Compensation Act in a manner that places restrictions by implication on an employee's rights that are not found the statute's plain language. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349, 2000 Tex. LEXIS 51, 7-8, 43 Tex. Sup. J. 738 (Tex. 2000)(rejecting a narrow and limited view of Texas Labor Code 406.033). *See also Fulton v. Associated Indem. Corp.*, 46 S.W.3d 364, 369 (Tex. App.--Austin 2001, pet. denied) (throwing out an agency rule rules creating a limitation not contained in and in violation of the workers' compensation act).

### D. Insurance Carrier does not address that in Setting Asides Wills *Extreme Imbecility* Standard is Applied.

The Insurance Carrier does not respond why this Court, for comparison, has followed other Courts of Appeals in Texas in applying a standard to set aside executed wills as to mental incapacity only for "extreme cases of imbecility." *Rich v. Rich*, 615 S.W.2d 795 , 797 (Tex. Civ. App.--Houston [1ˢᵗ Dist.] 1980, no writ). The Texas Legislature has not called for "extreme imbecility," and even if the imbecility may be mild level does not disqualify a worker who has suffered a traumatic brain injury.

The current Merriam-Webster online definition of imbecile is "a person affected with moderate mental retardation" and is considered usually offensive. [15] Frankly, this is the practical definition applied by case law for over a hundred years in that a person cannot just have a mild or *de minimus* mental affliction, but the level only need reach a moderate level of mental deficiency.

### E. The Insurance Carrier fails to respond to the Texas Law Generally Prohibiting Employment of Children Under 14 years of age.

The Insurance Carrier vigorously argues that imbecility be defined in a limiting manner to 7 years of age or younger, but fails to respond to Appellant's argument that the Texas Legislature has generally prohibited the employment of children under 14 years of age under Texas Labor Code § 51.011. The Texas Workers' Compensation Act should look at all the factors in an imbecility determination, and the factors here, other than having a mental age of 3 to 7, are not disputed to clearly show Francisco's mental imbecility. These factors do not require a limiting definition.

---

[15] **http://www.merriam-webster.com/dictionary/imbecile**

**Issue No. 2: Whether the District Court erred in determining an affidavit rose to the level of a sham affidavit?**

The Insurance Carrier based upon its interpretation of testimony compared with the affidavit is incorrect in asserting the excluded affidavit was a "sham." If this Court needs to reach the question, the District Court erred in rejecting Dr. Ivanhoe's affidavit as a sham affidavit as "in conflict" with her prior testimony. An affidavit rises to the level of a sham when the affidavit *directly* contradicts the affiant's deposition testimony. *Cantu v. Peacher*, 53 S.W.3d 5, 10 (Tex. App.—San Antonio 2001, pet. denied). Many variances in detail are grounds for impeachment not for a clear contradiction without explanation.[16]

This does not create a sham situation, but a medical expert trying to carefully explain her opinions to both sides and responding to an improper definition of imbecility.

**Attorney Fees come from Claimant's Recovery.**

To address Appellee's assertion that: "Chamul is not entitled to recovery of not entitled to the recovery of attorneys' fees regardless of the outcome of this case."[17] Let, Appellant be clear. Francisco Chamul is certainly entitled to a

---

[16] Id.
[17] Appellee's Brief p. 26

contingent attorney fee but such are limited to 25% of the Claimant's recovery under Texas Labor Code Section 408.221. Such fees must be awarded by the DWC or by the Court under Section 408.221, and that is the basis for Appellant's reference to attorney fees being awarded not to recover additional fees directly from the Insurance Carrier.

## III.    CONCLUSION

Francisco Chamul has shown that imbecility as used to establish entitlement to the limited weekly lifetime income benefits allowed under Texas Labor Code Section 408.161 should not be controlled by a mental age criteria or any single factor, but imbecility should be looked at by a broad range of factors focusing on cognitive deficits and a mental inability to take care of one's needs as an adult. Francisco requires a caretaker, cannot handle his own financial affairs, requires medications, cannot take care of his own transportation, and is independently unemployable due to his traumatic brain injury. Francisco should be determined entitled to lifetime income benefits under the Texas Workers' Compensation Act or minimally such question should be allowed to reach a jury.

## IV. PRAYER

Francisco Chamul respectfully prays and asks that this Court should reverse the District Court's granting of Summary Judgment for the Insurance Carrier and to render a judgment in his favor as to meeting the entitlement to lifetime income benefits under an imbecility standard and remand for an award of attorney fees. Alternatively, this Court should reverse and remand this matter to the District Court to apply a proper imbecility standard without technical limitations that do not exist in the Texas Workers' Compensation Act.   Minimally, a fact question as to whether Francisco Chamul suffers from imbecility entitling him to lifetime income benefits exists.   Appellant asks for all other relief to which he is entitled including costs of court.

Respectfully,

/s/ Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
Attorney for Appellant Francisco Chamul

## CERTIFICATE OF COMPLIANCE

I certify that I have 3,391 word count checked by the word program in compliance with the Texas Rules of Appellate Procedure.

/s/ Brad McClellan
Bradley Dean McClellan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellant's Brief was served on the through counsel of record by the method indicated below on May 13, 2015.

Dana Gannon                                     *Via efiling/eservice*
Smith & Carr, P.C
9235 Katy Freeway, Ste. 200
Houston, Texas 77024
Tel. 713-933-6700
Fax. 713-933-6799
Email: dgannon@smithcarr.com
Dana Gannon

/s/ Brad McClellan
Bradley Dean McClellan